EXXON CHEMICAL AMERICAS, A DIVISION OF EXXON CHEMICAL COMPANY, A DIVISION OF EXXON CORPORATION, A NEW JERSEY CORPORATION v. JOHN KENNEDY

No. 8129SC1232

(Filed 5 October 1982)

1. Guaranty § 1— allegation that sale not in reliance on guaranty—immaterial as to defendant's obligation to pay

Where an agreement established an absolute promise by defendant as guarantor, independent of the obligation of the principal debtor, reliance by plaintiff upon the guaranty in selling to the principal debtor was immaterial to defendant's obligation to pay the account upon the failure of the principal debtor to pay.

2. Guaranty § 1— guaranty agreement—principal debtor discharged in bankruptcy—no change in guarantor's obligation

Where a guaranty agreement by its express terms created a "primary obligation" from defendant to plaintiff, the fact that the principal debtor had been discharged in bankruptcy from the obligation which the guarantee "stood behind" did not terminate any liability he might have had as guarantor.

3. Guaranty § 2— principal debtor ordered by bankruptcy court to pay fifteen percent of claim—no change in obligation of guarantor

An allegation that a bankruptcy court ordered the principal debtor, as a condition of discharge, to pay plaintiff fifteen percent of its claim did not enti-

tle defendant to a set-off in that amount since there was no evidence that fifteen percent of the claim had in fact been paid, and since defendant would be subrogated to plaintiff's rights in the fifteen percent of the claim should he pay the obligation.

APPEAL by defendant from *Freeman, Judge.* Order entered 16 July 1981 in Superior Court, TRANSYLVANIA County. Heard in the Court of Appeals 3 September 1982.

Defendant executed, in favor of plaintiff, a guaranty of payment of the account of Plastifax, Inc., with plaintiff. Plaintiff sued defendant on the guaranty, seeking recovery of a sum allegedly due it for the property sold and delivered to Plastifax.

Defendant appeals from entry of summary judgment for plaintiff.

*Ladson F. Hart for plaintiff appellee.*

*Potts & Welch, by Paul B. Welch, III, for defendant appellant.*

WHICHARD, Judge.

[1] Defendant first contends summary judgment was improper because his answer denied plaintiff's allegation that property was sold to Plastifax *in reliance on the guaranty,* thus presenting an issue of fact as to "whether . . . the sale and delivery of the merchandise would have occurred without the execution of the guarantee." The guaranty agreement provided:

> [Defendant] guarantee[s] to [plaintiff] the prompt payment in full when due and payable of any and all sums of money now due and which may hereafter become due to [plaintiff] for merchandise . . . sold . . . by [plaintiff] to [Plastifax]. . . .
>
> This instrument shall be construed as a general and continuing guaranty of payment . . . .
>
> . . . .
>
> This being a primary obligation, [plaintiff] shall not be required to exhaust its remedies against [Plastifax] prior to the exercising of its rights and remedies against [defendant].

This language created a guaranty of payment. *See Gillespie v. DeWitt*, 53 N.C. App. 252, 280 S.E. 2d 736, *disc. review denied*, 304 N.C. 390, 285 S.E. 2d 832 (1981).

> A guaranty of payment is an *absolute promise* by the guarantor to pay a debt at maturity if it is not paid by the principal debtor. This obligation *is independent of the obligation of the principal debtor*, 'and the creditor's cause of action against the guarantor ripens immediately upon the failure of the principal debtor to pay the debt at maturity.'

*Gillespie*, 53 N.C. App. at 258, 280 S.E. 2d at 741 (emphasis supplied).

Because the agreement established an absolute promise by defendant as guarantor, independent of the obligation of the principal debtor, reliance by plaintiff upon the guaranty in selling to Plastifax, the principal debtor, is immaterial to defendant's obligation to pay the account. Defendant's contention that his denial of plaintiff's allegation of reliance creates a material issue of fact, which precludes summary judgment, is thus without merit.

[2] Defendant alleged in his answer, as an "affirmative defense," that Plastifax, the principal debtor, had been discharged in bankruptcy from the obligation which the guaranty "stood behind"; and that this discharge destroyed the debt which the guaranty was executed to secure, thereby terminating any liability he might have as guarantor. He contends that this alleged "affirmative defense" entitles him to a dismissal.

As noted above, the guaranty agreement by its express terms created a "primary obligation" from defendant to plaintiff. It established an absolute promise to pay, independent of the obligation of the principal debtor. Further, with one exception not pertinent here, "discharge [in bankruptcy] of a debt of the debtor does not affect the liability of any other entity on . . . such debt." 11 U.S.C. § 524(e). *See also Luther v. Lemons*, 210 N.C. 278, 186 S.E. 369 (1936); *In re Harvey Cole Co., Inc.*, 2 B.R. 517 (1980). The contention is clearly without merit.

[3] Defendant also alleged in his answer, as an "affirmative defense," that the bankruptcy court ordered Plastifax, the principal debtor, as a condition of discharge, to pay plaintiff fifteen percent of its claim; and that defendant accordingly is entitled to

a set off in that amount if judgment is entered against him. He appears to contend that the alleged set off presents an issue of fact which precludes summary judgment.

Defendant neither alleges nor forecasts evidence tending to establish that fifteen percent of the claim has in fact been paid. Absent a forecast of such evidence, no issue of fact with regard to this sum is presented. Again, the agreement contained an absolute promise to pay. It created a "primary obligation" in defendant as guarantor, independent of the obligation of the principal debtor. "A guarantor's liability arises at the time of the default of the principal debtor on the obligation . . . which the guaranty covers." *Gillespie*, 53 N.C. App. at 258, 280 S.E. 2d at 741. Defendant's liability thus arose upon the principal debtor's default, which the record clearly establishes and defendant does not deny.

"Upon general principles of equity a surety, paying the debt of his principal, [is] entitled to be substituted to all the rights of the creditor . . . ." *Peebles v. Gay*, 115 N.C. 38, 40, 20 S.E. 173, 174 (1894) (emphasis omitted). *See also* G.S. 26-3.1. Should defendant pay the obligation, then, he will be subrogated to plaintiff's rights in the fifteen percent of the claim which Plastifax, the principal debtor, was ordered to pay. Defendant's contention that "plaintiff will very likely be overpaid," resulting in "injustice" to him, is thus without foundation; and no genuine issue of fact is presented by this alleged "affirmative defense."

Because plaintiff has carried its burden of establishing that no genuine issue as to any material fact exists, and because plaintiff is entitled to judgment as a matter of law, summary judgment in its favor was appropriate. G.S. 1A-1, Rule 56; *Kidd v. Early*, 289 N.C. 343, 370, 222 S.E. 2d 392, 408 (1976).

Affirmed.

Chief Judge MORRIS and Judge WEBB concur.