W. S. CLARK & SONS, INC. v. JOHN RUIZ AND KATHY RUIZ

No. 874SC142

(Filed 20 October 1987)

**1. Accounts § 1; Contracts § 12.1— wife's signing of credit application—liability on husband's account**

In an action to recover on an account where defendant wife claimed that she signed a credit application intending only to give plaintiff permission to check her credit, the trial court did not err in failing to submit to the jury a question as to the liability of defendant wife on the account of defendant husband, since the credit application signed by both parties clearly stated that the "[a]pplicant acknowledges receipt of a copy of this credit application and agreement, and agrees to the terms disclosed herein"; the language of the credit application and agreement was not ambiguous; and the only issue remaining therefore was the amount the husband and wife were indebted to plaintiff.

**2. Attorneys at Law § 7.4— credit application—provision for attorney fees**

Where the credit application signed by defendants provided that they agreed to pay reasonable attorney fees incurred as a result of default not to exceed 15% of the balance due, but the agreement did not specify an exact amount, N.C.G.S. § 6-21.2 governed, and the trial court properly allowed plaintiff to recover reasonable fees amounting to 15% of the outstanding balance owed on defendants' account.

APPEAL by defendants from *Barefoot, Judge.* Judgment entered 29 August 1986 in Superior Court, DUPLIN County. Heard in the Court of Appeals 2 September 1987.

W. S. Clark & Sons, Inc. v. Ruiz

In 1983, John Ruiz had an account for goods, wares and merchandise with plaintiff which was due and payable in December of 1983. Ruiz did not pay his account until February 1984. Plaintiff did not allow John Ruiz credit for the next farming season until he and his wife submitted a financial statement and a credit application. Defendant John Ruiz testified that he was told it was necessary for him to get his wife's signature in order to check his and her credit. Kathy Ruiz testified that when she signed the credit application, she only intended to give plaintiff permission to check her credit. The application was approved and goods were sold and delivered.

On 3 April 1985, plaintiff filed a complaint seeking payment of an outstanding balance on defendants' account and requesting attorney fees.

At trial, the judge instructed the jury that the issue for determination was the amount that John and Kathy Ruiz were indebted to W. S. Clark and Sons, Inc. The jury returned a verdict in favor of plaintiff in the amount of $32,000. From the judgment of the trial court, defendants John and Kathy Ruiz appeal.

*R. Michael Bruce for plaintiff appellee.*

*N. Leo Daughtry for defendant appellants.*

ARNOLD, Judge.

[1] Defendants contend that the trial court erred in failing "to submit to the jury the questions of fact as to the liability of the defendant Kathy Ruiz on the account of John Ruiz."

The credit application signed by both parties clearly stated that the "[a]pplicant acknowledges receipt of a copy of this credit application and agreement, and agrees to the terms disclosed herein." Beneath both parties' signatures on the application appears the words "Applicant's Signature."

The trial court was correct to conclude as a matter of law that the language of the credit application and agreement was not ambiguous and to instruct the jury that the issue remaining was the amount that Kathy and John Ruiz were indebted to plaintiff. If the language of a contract is plain and unambiguous, the construction of the agreement is a matter of law for the court.

*Kent Corporation v. Winston-Salem*, 272 N.C. 395, 158 S.E. 2d 563 (1968). Defendants' contention is without merit.

**[2]** Defendants also contend that the trial court committed reversible error by allowing attorney fees to plaintiff. We disagree.

G.S. 6-21.2 states:

> Obligations to pay attorneys' fees upon any note, conditional sale contract *or other evidence of indebtedness*, in addition to the legal rate of interest or finance charges specified therein, shall be valid and enforceable, and collectible as part of such debt, if such note, contract or other evidence of indebtedness be collected by or through an attorney at law after maturity, subject to the following provisions:
>
> . . . .
>
> (2) If such note, conditional sale contract or other evidence of indebtedness provides for the payment of reasonable attorneys' fees by the debtor, without specifying any specific percentage, such provision shall be construed to mean fifteen percent (15%) of the "outstanding balance" owing on said note, contract or other evidence of indebtedness. (Emphasis added.)

The term "evidence of indebtedness" as used in this section refers to any printed or written instrument signed or otherwise executed by the obligor(s) which evidences on its face a legally enforceable obligation to pay money. *Four Season Homeowners Assoc., Inc. v. Sellers*, 72 N.C. App. 189, 323 S.E. 2d 735 (1984). A formal credit agreement executed by the parties prior to the establishment of an open account is evidence of indebtedness; and if such an agreement contains a provision for attorney's fees it will be legally enforceable pursuant to G.S. 6-21.2. *Supply, Inc. v. Allen*, 30 N.C. App. 272, 227 S.E. 2d 120 (1976).

The credit application signed by both parties provided the following language concerning attorney fees: "I(We), the undersigned, do hereby . . . agree to pay reasonable attorney fees incurred by W. S. Clark & Sons, Inc. (or any subsidiary company) as a result of default, but not to exceed fifteen percent (15%) of balance due." Since the agreement only mentioned reasonable at-

torney fees and did not specify an exact amount to be paid, G.S. 6-21.2 governs and the trial court properly allowed the plaintiff to recover reasonable fees amounting to 15% of the outstanding balance owed on defendants' account.

No error.

Chief Judge HEDRICK and Judge ORR concur.