884 F.2d 1387
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
AMERIBANK SAVINGS BANK, a Virginia chartered savings and
loan association, a/k/a First American Savings &
Loan Association, a Virginia chartered
savings and loan association,
Plaintiff-Appellee,
v.
G.H. SATTERFIELD, Jr. and wife, Defendant-Appellant,
Joyce Satterfield, Defendant-Appellant.
 No. 88-1357.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 6, 1989.
Decided Aug. 18, 1989.
 
 Susan Milner Parker, John Huske Anderson (James D. Blount, Jr., Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, David M. Connor, Connor, Bunn, Rogerson & Woodard, P.A. on brief) for appellants.
 Dwight Douglas Meier (Christopher M. Nalley, Henry A. Azar, Jr., Ginsburg, Feldman and Bess, Chartered on brief), Mark Clayton Kirby (John F. Logan, Faison & Brown on brief) for appellee.
 Before CHAPMAN, Circuit Judge, GORDON, EUGENE A., Senior United States District Judge for the Middle District of North Carolina, sitting by designation, and ANDERSON, JOSEPH F., Jr., United States District Judge for the District of South Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Dr. and Mrs. G.H. Satterfield, Jr. appeal the district court grant of summary judgment in favor of Ameribanc Savings Bank in Ameribanc's action for breach of a guaranty agreement. The Satterfields also appeal the district court denial of their motion for summary judgment on their counterclaims. We affirm.
 
 
 2
 On May 31, 1984, the Satterfields executed an unconditional agreement guaranteeing repayment of a proposed construction loan in the amount of $5,500,000.00 from Ameribanc to Leisure Development of Greenville, North Carolina, a partnership of which Dr. Satterfield was a limited partner. Leisure Development subsequently defaulted on the loan and entered bankruptcy. The property was sold in foreclosure in December 1985 and Ameribanc applied the $3,990,844.70 in proceeds to the unsatisfied debt.
 
 
 3
 After an unsuccessful attempt at collecting a deficiency judgment through state court proceedings, Ameribanc instituted this action seeking $1,032,920.86 in principal, as well as interest and attorneys' fees. The Satterfields counterclaimed, alleging fraud, negligence, malicious prosecution, abuse of process and unfair trade practices. After a hearing on the cross-motions for summary judgment, the district court denied the Satterfield's motion for summary judgment and granted Ameribanc's motion for summary judgment. The court awarded Ameribanc the principal amount of $1,032,920.86, prejudgment interest totaling $241,703.73 and statutory attorneys' fees in the amount of $154,938.13. Post-judgment interest accrues at 8.32% per annum on the total award of $1,429,562.72.
 
 
 4
 The Satterfields signed an unconditional guaranty agreeing to indemnify Ameribanc for "any loss which it may suffer by reason of [Leisure Development's] breach of any of the agreements contained in any loan document." This agreement operates as "an absolute promise by the guarantor to pay a debt at maturity if it is not paid by the principal debtor. This obligation is independent of the obligation of the principal debtor...." Exxon Chemical Americas v. Kennedy, 59 N.C.App. 90, 295 S.E.2d 770, 771 (1982) (emphasis in original) (quoting Gillespie v. DeWitt, 53 N.C.App. 252, 258, 280 S.E.2d 736, 741, disc. review denied, 304 N.C. 390, 285 S.E.2d 832 (1981)). In light of this primary obligation, expressed in clear and unambiguous language, the district court properly entered summary judgment in favor of Ameribanc. See Exxon Chemical, 295 S.E.2d at 771; Rojas v. First Bank National Association, 613 F.Supp. 968, 971 (E.D.N.Y.1985). Likewise, the district court did not err in denying the Satterfield's cross-motion for summary judgment on their counterclaims.
 
 
 5
 AFFIRMED.