WEST END III LIMITED PARTNERS, a NORTH CAROLINA LIMITED PARTNER-
SHIP, AND TRISTAR DEVELOPMENT GROUP, a NORTH CAROLINA GENERAL
PARTNERSHIP, PLAINTIFFS/APPELLANTS v. GWENDOLYN H. LAMB, SUBSTITUTE
TRUSTEE, AND SALLY MARKHAM MICHIE, BY AND THROUGH GUIDO DE
MAERE, AS LEGAL GUARDIAN OF HER ESTATE, DEFENDANTS/APPELLEES

No. 9015SC802

(Filed 2 April 1991)

**Attorneys at Law § 55 (NCI4th) — attorney's fees to collect debt —
no finding as to reasonableness**

    The trial court erred in awarding plaintiffs attorney's fees
in an amount equal to 15% of the amount of their debt to
defendants without making findings as to the actual hours
expended collecting the debt and the reasonable value of those
services.

**Am Jur 2d, Costs § 78.**

APPEAL by plaintiffs from order entered 8 May 1990 by *Judge
Darius B. Herring, Jr.*, in ORANGE County Superior Court. Heard
in the Court of Appeals 13 February 1991.

*Northen, Blue, Little, Rooks, Thibaut & Anderson, by Charles
T. L. Anderson, for plaintiff appellants.*

*R. Michael Pipkin, P.A., for Sally Markham Michie by and
through Guido De Maere, as Legal Guardian of her Estate, defend-
ant appellees.*

COZORT, Judge.

Plaintiffs commenced this action seeking injunctive and
declaratory relief from a foreclosure proceeding and attempted en-
forcement of provisions in a promissory note. The trial court granted
defendants' motion for summary judgment and enforced the at-
torney's fees, trustee's fees and interest provisions of the note.
Plaintiffs appeal the portion of the court's order which provides
that defendants are entitled to judgment in the sum of $39,924.24
in attorney's fees. We affirm in part and reverse in part.

Plaintiff Tristar is a general partnership, and plaintiff West
End III (hereinafter West End), a limited partnership. Tristar, act-
ing for West End, and defendant Guido De Maere, acting for Sally
Markham Michie, entered into an "offer to purchase and contract"

WEST END III LIMITED PARTNERS v. LAMB

[102 N.C. App. 458 (1991)]

to purchase real property of the Michie estate. Each partner of Tristar, as a general partner of West End, executed a promissory note dated 1 March 1989, in the amount of $265,000.00 with interest payable the first day of each month until 1 September 1989 when the balance was due. The note contained a provision that "[u]pon default the holder of this Note may employ an attorney to enforce the holder's rights . . . and endorsers of this Note hereby agree to pay to the holder reasonable attorneys fees not exceeding a sum equal to fifteen percent (15%) of the outstanding balance." The partners also executed a deed of trust to secure the note.

On 29 August 1989, Tristar requested an extension, advising De Maere that payment of the balance due on 1 September 1989 would be difficult. De Maere denied the request. On 20 September, De Maere sent plaintiffs a notice that the Michie estate considered the nonpayment of the principal on 1 September 1989 a default and planned to enforce the attorney's fees provisions contained in the promissory note. De Maere also instituted a foreclosure proceeding on 20 September. On 22 September, plaintiff West End tendered to De Maere an escrow account check for the balance owed. Because a deposit made by West End did not appear on the teller's computerized account balance until 26 September, the check was dishonored when De Maere attempted to cash it on 23 and 25 September. On 26 September, West End tendered a cashier's check to counsel for De Maere. De Maere's counsel advised plaintiffs that the check was sufficient to stop interest from accumulating, but that additional interest from 22 September to 26 September, trustee's fees and attorney's fees of $39,967.80 were past due.

On 11 October 1989, plaintiffs filed suit seeking to enjoin defendants from proceeding with foreclosure of the real property and seeking a declaratory judgment declaring the amount due under the note. The complaint further prayed that, in the event attorney's fees are declared due, the award of attorney's fees be based on the actual attorney's fees incurred. In their answer, defendants prayed that the court award attorney's fees and trustee's fees as provided in the note. Plaintiffs and defendants moved for summary judgment. On 8 May 1989, the trial court found "there is no genuine issue of material fact in this matter and that the Defendants are entitled to Judgment as a matter of law." The court decreed, among other things, that the defendants were entitled to attorney's

fees of $39,924.24, which is 15% of the balance due in September of 1989.

The issues presented on appeal are whether defendants are entitled to summary judgment and, if so, whether the trial court erred in ordering payment of attorney's fees of 15% without determining whether that amount was reasonable. We hold that the court properly found that defendants were entitled to judgment for attorney's fees; however, we find the court erroneously ordered plaintiffs to pay $39,924.24 in attorney's fees without making findings as to the reasonableness of the fee.

Plaintiffs contend that summary judgment was improper because defendants' claim for attorney's fees is barred as a matter of law because defendant De Maere breached his duty to notify the plaintiffs of the dishonor of the tendered payment. Plaintiffs cite us to no law which imposes such a duty, and we reject plaintiffs' argument.

Plaintiffs also argue that summary judgment for defendants was inappropriate because plaintiffs had substantially performed their obligations under the note. We find this argument to be completely without merit and summarily reject it. We hold the trial court properly determined that defendants were entitled to judgment for attorney's fees.

We now address the dispositive issue raised on appeal, whether the trial court erred in awarding defendants $39,924.24 in attorney's fees without considering whether that amount was reasonable. In *Coastal Production Credit v. Goodson Farms*, 70 N.C. App. 221, 319 S.E.2d 650, *disc. review denied*, 312 N.C. 621, 323 S.E.2d 922 (1984), defendant Goodson Farms defaulted on a promissory note which was secured by farm real estate and equipment. Plaintiff began seizure proceedings and filed a motion for attorney's fees. The promissory note provided that "defendants agreed to pay a 'reasonable attorney's fee of not less than ten per centum of the total amount due hereon, unless contrary to the laws of the state where this note is executed.' " *Id.* at 224, 319 S.E.2d at 653. We determined that resolution of the controversy involved construction of the note and the statutory provision governing attorney's fees. We held that the note and N.C. Gen. Stat. § 6-21.2(1) combined "to set a range of reasonable attorneys' fees between 10% and 15%." *Id.* at 225, 319 S.E.2d at 654. We further held that the fixing of attorney's fees within the permissible range lay in the

discretion of the court, but that the law requires evidence and findings of fact supporting the reasonableness of the award. *Id.* at 226, 319 S.E.2d at 655.

Defendants cite *W. S. Clark & Sons, Inc. v. Ruiz*, 87 N.C. App. 420, 360 S.E.2d 814 (1987), for the proposition that attorney's fees equal to 15% of the outstanding balance is reasonable as a matter of law. In *Clark*, a panel of this Court held that "the trial court properly allowed plaintiff to recover reasonable fees amounting to 15% of the outstanding balance owed." *Id.* at 423, 360 S.E.2d at 816. We read *Clark* to contain an implicit acknowledgment that, under the particular facts of that case, 15% was a reasonable fee. The fee allowed in *Clark* was $4,800.00, an amount which appears far more reasonable for debt collection than the $39,924.24 figure in the case below. In the present case, we are unable to make such a determination of reasonableness where the only evidence of the actual time spent by defendants' attorney is the defendants' attorney's billing worksheet indicating that the attorney had worked six hours prior to the request for $39,924.24. Our interpretation of *Clark* is reinforced by this Court's recent decision in *Barker v. Agee*, 93 N.C. App. 537, 378 S.E.2d 566 (1989), *aff'd in part, rev'd in part (on other grounds)*, 326 N.C. 470, 389 S.E.2d 803 (1990). In *Barker*, the note sued upon provided for "reasonable fees 'but not more than such attorneys' usual hourly charges for the time actually expended.'" *Id.* at 544, 378 S.E.2d at 570. We held that an award of attorney's fees under N.C. Gen. Stat. § 6-21.2 was supported by sufficient evidence where the plaintiff submitted an affidavit by his attorney and billing statements showing the actual work performed and the attorney's hourly rates. Further, the "trial court made findings of fact as to the reasonable amount of time required for the services and the reasonableness of the hourly rates." *Id.*, 378 S.E.2d at 571. In the present case, the court made no findings as to the amount of time defendants' attorney actually spent attempting to collect the debt, the attorney's hourly rates, or the reasonable amount of time required to collect a debt such as the one owed by plaintiffs. Such findings are required by *Coastal Production* and *Barker*.

We hold the case must be remanded in order for the trial court to make findings as to the actual hours expended collecting the debt owed by plaintiffs and the reasonable value of those services.

The order of summary judgment is affirmed in part, reversed in part, and remanded for further findings.

Chief Judge HEDRICK and Judge LEWIS concur.