RC ASSOCIATES, a North Carolina General Partnership, Plaintiff v. REGENCY VENTURES, INC., HARRIS B. GUPTON and SAMIE E. GUPTON, Defendants

No. 9218SC836

(Filed 3 August 1993)

1. **Damages § 51 (NCI4th)— breach of lease—effort to mitigate damages—genuine issue of material fact**

   In an action for breach of a lease agreement, the trial court erred in entering summary judgment for plaintiff because a genuine issue of material fact existed as to whether plaintiff made a reasonable attempt to mitigate damages as required by the parties' lease agreement and by law.

   **Am Jur 2d, Damages § 909.**

2. **Attorneys at Law § 55 (NCI4th)— breach of lease—award of attorney's fees—determination of reasonableness not required—statute applicable**

   There was no merit to defendant's contention that the trial court in an action for breach of a lease agreement erred in awarding excessive attorney's fees to plaintiff without considering whether the amount allowed was reasonable, since the lease agreement provided for the payment of "reasonable attorney's fees" should the landlord need to employ an attorney to collect rent or enforce its other rights and remedies under the lease, but it did not refer to any specific percentage, and N.C.G.S. § 6-21.2(2) therefore applied so that the amount of attorney's fees should be 15% of the outstanding balance owing on said evidence of indebtedness.

   **Am Jur 2d, Attorneys at Law § 277.**

RC ASSOCIATES v. REGENCY VENTURES, INC.

[111 N.C. App. 367 (1993)]

**Amount of attorneys' compensation in matters involving real estate. 58 ALR3d 201.**

3. **Guaranty § 13 (NCI4th)— defendant as guarantor of lease agreement—responsibility for attorney's fees—award proper**

The trial court did not err in awarding attorney's fees against the individual defendant because he was a guarantor of a lease and not a party to it, since the guaranty contract provided that defendant "unconditionally guarantees the full and punctual payment of the rent and other charges provided for in this lease . . ."; the lease provided for reasonable attorney's fees if necessary to collect rent; and the language in the guaranty contract was sufficient to put a guarantor on notice that he would be liable for attorney's fees.

**Am Jur 2d, Guaranty §§ 26 et seq.**

4. **Rules of Civil Procedure § 55.1 (NCI3d)— failure of defendants to file answer—motion to set aside entry of default properly denied**

The denial of defendants' motion to set aside entry of default was not in error where defendants never filed an answer and made no attempt to defend their case after their attorney withdrew until two months later when they filed their responsive pleading to plaintiff's motion for default judgment or, alternatively, for summary judgment. N.C.G.S. § 1A-1, Rule 55(d).

**Am Jur 2d, Judgments § 1169.**

Appeal by defendants from order and judgment entered 18 May 1992 by Judge W. Douglas Albright in Guilford County Superior Court. Heard in the Court of Appeals 17 June 1993.

Plaintiff, RC Associates, is a North Carolina general partnership formed in 1990 upon execution of a joint venture agreement by several individuals, including defendants Harris B. Gupton and Samie E. Gupton, who are general partners. Mr. and Mrs. Gupton purchased some real property upon which they constructed a car wash. They sold the real property, with improvements, to plaintiff. Mr. Gupton's company, defendant Regency Ventures, Inc., leased the property and car wash from plaintiff. Defendant Harris B. Gupton guaranteed defendant Regency Ventures' obligations under the lease agreement. Defendant Regency Ventures defaulted on the lease payments, and defendant Harris B. Gupton defaulted on the guaran-

## RC ASSOCIATES v. REGENCY VENTURES, INC.

[111 N.C. App. 367 (1993)]

ty. Mr. and Mrs. Gupton also defaulted on payments due under the joint venture agreement.

Plaintiff's complaint, filed 13 June 1991, claimed relief against defendant Regency Ventures, Inc. for breach of a lease agreement, against defendant Harris Gupton for breach of a guaranty relating to that lease agreement and against the defendants Harris Gupton and Samie Gupton for the breach of a joint venture agreement. Plaintiff sought recovery of sums owed and attorney's fees. On 8 January 1992, plaintiff filed an amendment to the complaint claiming defendants Harris B. Gupton and Samie E. Gupton had failed to make additional capital contributions to plaintiff since the filing of the original complaint. Pursuant to the court's order, an answer was due from defendants on or before 23 January 1992.

A responsive pleading was not filed by defendants, and the clerk of court entered an entry of default on 3 February 1992. On the same day, the court allowed the attorney of record for the defendants to withdraw from the case. On 2 March 1992, plaintiff filed a motion for default judgment or, alternatively, for summary judgment. On 3 April 1992, the defendants filed a response to that motion and a motion to set aside entry of default.

At a hearing on 8 May 1992, the trial court rendered a decision allowing the plaintiff's motions and denying the defendants' motion. The attorney for plaintiff drafted the order and judgment, which the trial court entered on 18 May 1992. In the judgment, the trial court granted judgment by default with respect to plaintiff's claim on the joint venture agreement and summary judgment with respect to the claims on the lease and guaranty agreements.

From this order and judgment, defendants appeal.

*Carruthers & Roth, P.A., by Kenneth L. Jones, for plaintiff-appellee.*

*David B. Hough for defendant-appellants.*

ORR, Judge.

Defendants appeal the entry of summary judgment, the award of attorney's fees, the denial of defendants' motion to set aside entry of default, and the failure of the trial court to hold defendant Regency Ventures, Inc. and defendant Harris B. Gupton jointly and severally liable for the recovery awarded for breach of the

lease agreement. Plaintiff concedes that it is entitled to but one recovery of the principal amount of the judgment and the award of attorney's fees with respect to the claims on the lease agreement. Thus, defendant Regency Ventures, Inc. and defendant Harris B. Gupton are jointly and severally liable for that part of the judgment granting recovery on the lease and guaranty agreements.

I.

[1] Defendants allege that the trial court erred in entering summary judgment against them because a genuine issue of material fact existed as to whether plaintiff made a reasonable attempt to mitigate damages as required by the lease agreement and by law. We agree.

N.C. Rule of Civil Procedure 56(c) calls for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." The record only contains the pleadings and submitted affidavits.

A party moving for summary judgment may prevail if it meets the burden of proving an essential element of the opposing party's claim is nonexistent or not supported by evidence. *Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 251 S.E.2d 419 (1979). If the moving party satisfies its burden of proof, then the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial. *Lowe v. Bradford*, 305 N.C. 366, 289 S.E.2d 363 (1982).

The Supplemental Affidavit of James W. Hall contains facts tending to show that Hall, as a general partner of the plaintiff, made a reasonable attempt to mitigate the damages of plaintiff by advertising that the property was available for lease or sale. Defendants offer paragraph 7 of the affidavit of Harris B. Gupton to show that a genuine issue of the reasonableness of plaintiff's attempts at mitigation exists. Paragraph 7 states:

> After the alleged default on the rent by Defendant Regency Ventures, Inc., James W. Hall, on behalf of the Plaintiff took control of the premises of the Regency Car Wash. While the said Premises was under the control of James W. Hall, the Plaintiff failed and refused to perform the following functions

which would have greatly served to mitigate the Plaintiff's alleged damages:

a) James W. Hall failed an [sic] refused to continue the business as an operating and functioning car wash and thereby diminished its appeal to prospective buyers of the property. Prospective buyers who did express an interest in purchasing the property were prohibited by the Plaintiff to view the car wash in full operation.

b) James W. Hall failed and refused to permit prospective buyers to adequately examine the premises or the business equipment.

c) James W. Hall failed and refused to properly place the business on the market for sale even though several entities expressed an interest in purchasing the property for use as a commercial car wash.

d) James W. Hall failed and refused to make the property available for examination and inspection by prospective lessors.

e) James W. Hall, on information and belief, refused to entertain offers to purchase or lease by prospective purchasers or lessors.

Plaintiff argues that these allegations are not sufficient to overcome summary judgment because they are not based on Mr. Gupton's personal knowledge and do not show affirmatively that Mr. Gupton is competent to testify to the allegations, as required by N.C. Rule of Civil Procedure 56(e). Whether the affidavit meets the requirements of Rule 56(e) is immaterial in light of the fact that plaintiff failed to make a timely objection to the form of the affidavit. *Taylor v. Taylor Products, Inc.*, 105 N.C. App. 620, 414 S.E.2d 568 (1992). The record discloses no objection to the affidavit on Rule 56(e) grounds prior to appeal. Thus, plaintiff has waived any objection regarding these matters.

Plaintiff also challenges the affidavit by saying that the allegations are untrue. This argument serves to support defendants' contention that the affidavit presents a genuine issue of material fact. A genuine issue of material fact is one in which the facts alleged are such as to constitute a legal defense or are of such nature as to affect the result of the action, or if the resolution of the issue is so essential that the party against whom it is resolved

may not prevail. A genuine issue is one which can be maintained by substantial evidence. *Smith v. Smith*, 65 N.C. App. 139, 308 S.E.2d 504 (1983). Whether the creditor of a lease agreement has used diligence to mitigate damages is a genuine issue of material fact so as to challenge summary judgment. *Equitable Leasing Corp. v. Myers*, 46 N.C. App. 162, 265 S.E.2d 240, *appeal dismissed*, 301 N.C. 92 (1980).

Summary judgment is a drastic measure and should be used with caution. *Williams v. Carolina Power and Light Co.*, 296 N.C. 400, 250 S.E.2d 255 (1979). All inferences of fact from the proofs offered at the hearing must be drawn against the movant and in favor of the party opposing the motion. *Page v. Sloan*, 281 N.C. 697, 190 S.E.2d 189 (1972). The allegations in the defendants' affidavit, when taken as true, do constitute a legal defense that could reduce the amount of the judgment.

We hold that defendants' affidavit presents a genuine issue of material fact as to the adequacy of plaintiff's attempted mitigation of damages. Therefore, the trial court incorrectly granted summary judgment on the issue of damages.

II.

[2] Defendants next challenge the award of attorney's fees. They first contend that the trial court erred in awarding excessive attorney's fees to the plaintiff without considering whether the amount allowed was reasonable. We disagree.

N.C. Gen. Stat. § 6-21.2 authorizes the awarding of attorney's fees in actions to enforce obligations owed under an evidence of indebtedness (a lease) that provides for the payment of attorney's fees. The lease agreement in this case provides for the payment of "reasonable attorney's fees" should the landlord need to employ an attorney to collect rent or enforce its other rights and remedies under the lease. Because the lease provides for reasonable attorney's fees and does not refer to any specific percentage, N.C.G.S. § 6-21.2(2) applies, which says that if the contract "provides for the payment of reasonable attorneys' fees by the debtor, without specifying any specific percentage, such provision shall be construed to mean fifteen percent (15%) of the 'outstanding balance' owing on said . . . evidence of indebtedness."

The defendants' reliance on *West End III Limited Partners v. Lamb*, 102 N.C. App. 458, 402 S.E.2d 472, *disc. review denied*,

329 N.C. 506, 407 S.E.2d 857 (1991) is misplaced. The case at bar should be distinguished from *West End III*, as well as from *Coastal Production v. Goodson Farms*, 70 N.C. App. 221, 319 S.E.2d 650, *disc. review denied*, 312 N.C. 621, 323 S.E.2d 922 (1984). In those cases, the relevant contract provisions called for an award of attorney's fees in reference to a specific percentage of the amount owing. Thus, these awards fell under N.C.G.S. § 6-21.2(1) which requires the trial court to determine a reasonable percentage within the specified range. This determination necessarily requires some evidence of what percentage will be reasonable in each case, as *West End III* and *Coastal Production* so state. However, subdivision (2) has predetermined that 15% is a reasonable amount in our case.

[3] Defendants also oppose the award of attorney's fees against defendant Harris B. Gupton because he was guarantor of the lease and not a party to the lease. We hold that the guaranty contract provided for the award of attorney's fees, and the trial court correctly held the guarantor liable for that award.

In this State, the obligation of a guarantor of payment is separate and distinct from that of the debtor. *EAC Credit Corp. v. Wilson*, 281 N.C. 140, 187 S.E.2d 752 (1972). N.C.G.S. § 6-21.2 does not authorize collection of attorney's fees unless the guaranty contract sued upon so provides. *Id.*

In *Wilson*, the guaranty contract provided that the guarantor would be liable for "the payment when due of any and all notes, accounts receivable, conditional sales contracts, chattel mortgages, indebtedness and liability . . ." at any time made or carried by the debtor. Plaintiff argues that the guaranty contract provides for payment of attorney's fees in the clause stating that defendant Harris B. Gupton "unconditionally guarantees the full and punctual payment of the rent and other charges provided for in this lease. . . ." The lease provides for reasonable attorney's fees if necessary to collect rent.

This Court must decide if the language in the guaranty is sufficient to require an award of attorney's fees. There is judicial public policy against the award of attorney's fees. *Stillwell Enterprises, Inc. v. Interstate Equipment Co.*, 300 N.C. 286, 266 S.E.2d 812 (1980). Also, the requirement that the guaranty itself provide for the payment of attorney's fees insures that the guarantor is put on notice of the additional liability. One purpose of N.C.G.S.

§ 6-21.2 is to allow the debtor a last chance to pay the outstanding balance to avoid litigation and the award of attorney's fees. *Coastal*, 70 N.C. App. at 224, 319 S.E.2d at 656. However, the statute should be construed liberally, *Stillwell Enterprises*; narrow constructions are to be avoided, *Hicks v. Albertson*, 284 N.C. 236, 200 S.E.2d 40 (1973), and the plain, unambiguous meaning of the clause is that Mr. Gupton guarantees all charges in the lease, one of which is attorney's fees.

The language in the guaranty contract is sufficient to put a guarantor on notice that he will be liable for attorney's fees if he fails to make the guaranteed payment before the creditor finds it necessary to employ an attorney to collect the debt. We hold that the trial court did not err in awarding attorney's fees on the guaranty contract, and the defendant Harris B. Gupton is jointly and severally liable for the award of attorney's fees, along with defendant Regency Ventures, Inc. On remand, the amount of the fees to be awarded should be redetermined on the basis of the eventual recovery.

### III.

[4] Defendants' final argument alleges that the trial court erred in denying their motion to set aside entry of default. We disagree.

N.C. Rule of Civil Procedure 55(d) provides that the court may set aside an entry of default for good cause shown. Defendant correctly argues that the showing required to set aside an entry of default is less stringent than that required to set aside a default judgment. *Peebles v. Moore*, 48 N.C. App. 497, 269 S.E.2d 694 (1980), *modified and aff'd*, 302 N.C. 351, 275 S.E.2d 833 (1981). However, the determination of good cause to set aside an entry of default is in the trial court's discretion and will not be disturbed absent an abuse of discretion. *Byrd v. Mortenson*, 60 N.C. App. 85, 298 S.E.2d 170, *modified and aff'd*, 308 N.C. 536, 302 S.E.2d 809 (1982). Defendant has the burden of establishing good cause to set aside entry of default. *Roane-Barker v. Southeastern Hospital Supply Corp.*, 99 N.C. App. 30, 392 S.E.2d 663, *cert. denied*, 328 N.C. 93, 402 S.E.2d 418 (1990). A judge is subject to a reversal for abuse of discretion only upon a showing by a litigant that the challenged actions are manifestly unsupported by reason. *Clark v. Clark*, 301 N.C. 123, 271 S.E.2d 58 (1980).

RC ASSOCIATES v. REGENCY VENTURES, INC.

[111 N.C. App. 367 (1993)]

The record shows that plaintiff filed the amended complaint on 8 January 1992, and a response pleading was due on 23 January 1992. The filing of plaintiff's motion for entry of default and the entry of default occurred on 3 February 1992, the same day defendants' attorney officially withdrew from the case. Plaintiff's motion for default judgment was served directly to defendants, certificate dated 2 March 1992. Defendants argue that the fact that they assumed their attorney had filed a response pleading constitutes good cause requiring the entry of default be set aside. But defendants never filed an answer and did not file a motion to set aside the entry of default until 3 April 1992, when they filed a response to plaintiff's motion.

In *Bailey v. Gooding*, 60 N.C. App. 459, 299 S.E.2d 267, *disc. rev. denied*, 308 N.C. 675, 304 S.E.2d 753 (1983), this Court held that the trial court did not abuse its discretion in failing to find good cause to set aside entry of default where defendants' answer was filed four months after expiration of the time allowed and more than one month after default was entered, and where there was nothing in the record to indicate what actions defendants took in the meantime to defend the case other than to deliver the suit papers to the insurance carrier. According to the record in the case *sub judice*, defendants never filed an answer and made no attempt to defend their case after their attorney withdrew until filing their responsive pleading to plaintiff's motion for default judgment or, alternatively, for summary judgment.

The evidence in the record does not compel this Court to find an abuse of discretion by the trial court. We hold that the denial of the defendants' motion to set aside entry of default was not in error.

Affirmed in part; reversed and remanded in part.

Judges WELLS and McCRODDEN concur.