JENNINGS COMMUNICATIONS CORP. v. PCG OF THE GOLDEN STRAND, INC.

[126 N.C. App. 637 (1997)]

JENNINGS COMMUNICATIONS CORPORATION, PLAINTIFF v. PCG OF THE GOLDEN STRAND, INC., NOW KNOWN AS TROPIC OF NORTH CAROLINA, INC., AND TROPIC COMMUNICATIONS, INC., DEFENDANT

No. COA96-938

(Filed 1 July 1997)

### 1. Guaranty § 4 (NCI4th)— guaranty of collection—language of agreement—summary judgment for plaintiff—improperly granted

The trial court erred in an action on notes and a guaranty agreement by granting summary judgment against Tropic Communications, Inc. (TCI) where PCG of the Golden Strand (now Tropic of North Carolina (TNC)) had executed two promissory notes in favor of plaintiff; Tropic Communications had executed a guaranty agreement for one of the notes; plaintiff had declared the notes in default and accelerated the full principal and interest balance on each; no payment was made; Tropic Communications's president testified that any liability by TCI was contingent upon plaintiff exhausting all of its remedies against Tropic of North Carolina and the collateral, which it had failed to do; and the trial court entered summary judgment and ordered Tropic Communications to pay amounts toward the principal of the note, plus interest and attorney fees. A guaranty of payment is an absolute and unconditional promise to pay the debt at maturity if not paid by the principal debtor; conversely, a guaranty of collection is a promise to pay the debt on the condition that the creditor first diligently prosecute the principal debtor without success. Here, the guaranty agreement is entitled "Absolute and Unconditional," but the note holder must exhaust all remedies available against the maker of the note before the guaranty becomes effective. Since the guaranty establishes unambiguously that a condition precedent must be met before Tropic Communications's liability attaches, plaintiff is required to first exhaust all remedies against Tropic of North Carolina and all collateral.

**Am Jur 2d, Guaranty §§ 19-25.**

### 2. Costs § 33 (NCI4th)— guaranty—attorney fees—findings of reasonableness

An order granting plaintiff attorney fees in an action on two notes and a guaranty was reversed and remanded for a determi-

JENNINGS COMMUNICATIONS CORP. v. PCG OF THE GOLDEN STRAND, INC.

[126 N.C. App. 637 (1997)]

nation of the fees to be awarded pursuant to N.C.G.S. § 6-21.2(1) where the court awarded attorney fees of fifteen percent of the balance without making findings to support the reasonableness of this amount.

**Am Jur 2d, Costs §§ 57, 62.**

**Necessity of introducing evidence to show reasonableness of attorneys' fees where promissory note provides for such fees. 18 ALR3d 733.**

Appeal by defendants from judgment entered 24 April 1996 by Judge William C. Gore, Jr. in Brunswick County Superior Court. Heard in the Court of Appeals 22 April 1997.

*Powell & Payne, by William A. Powell, for plaintiff-appellee.*

*James K. Larrick for defendants-appellants.*

WALKER, Judge.

Defendant PCG of the Golden Strand, now Tropic of North Carolina, Inc. (TNC), executed two promissory notes in favor of the plaintiff on 19 March 1995. One promissory note was in the principal amount of $107,000.00 with interest at seven percent. The other promissory note was for the principal amount of $95,000.00 with interest at seven percent. Both notes were secured by a security agreement in favor of the plaintiff pledging personal property as collateral. Additionally, defendant Tropic Communications, Inc. (TCI) executed a guaranty agreement for the $95,000.00 note which contained the provision that ". . . in the case of non payment of principal and interest when due, action may be brought by the holder of this note against the undersigned only if the holder has first exhausted all remedies available to it against the maker of this note and against all collateral securing this note . . . ."

In a letter to defendants dated 28 September 1995, plaintiff advised that the notes were in default as of 1 July 1995 and that the plaintiff was accelerating the full principal and interest balance due on each note, with this amount to be due no later than 13 October 1995.

Thereafter, no payment was made toward either note and plaintiff filed this action on 13 November 1995 seeking the amount owed

JENNINGS COMMUNICATIONS CORP. v. PCG OF THE GOLDEN STRAND, INC.

[126 N.C. App. 637 (1997)]

on both notes as well as attorney's fees in the amount of 15 percent of the balance due. On 12 March 1996, plaintiff filed a motion for summary judgment and submitted the affidavit of its president who testified that as of 13 February 1996, the total amount due on both notes was $176,387.25.

Defendant TCI countered with the affidavit of its president, John E. Rayl, who denied that TCI was maker of either of the notes, and denied that TCI was a party to the security agreement, but did state that TCI was only a guarantor of the $95,000.00 note. Rayl also testified that any liability on the part of TCI was contingent upon plaintiff exhausting all of its remedies against defendant TNC and the collateral which it had failed to do.

The trial court entered summary judgment for the plaintiff ordering defendant TNC to pay the sum of $168,358.94 plus $10,713.02 in interest and the defendant TCI to pay the sum of $79,126.30 plus $5,034.96 in interest on the $95,000.00 note. The judgment further ordered that defendant TNC would receive credit for sums paid by defendant TCI and defendant TCI would receive credit for all sums paid by defendant TNC on the $95,000.00 note. Finally, the judgment directed defendant TNC to pay attorney's fees to plaintiff in the sum of $26,860.79 and that defendant TCI pay attorney's fees to the plaintiff in the sum of $12,624.19 (with each defendant also receiving credit for all attorney's fees paid by the other defendant on the $95,000.00 note).

[1] Defendant TCI argues the trial court erred in granting summary judgment to the plaintiff in that the trial court improperly interpreted the guaranty executed by TCI as a guaranty of payment and failed to find that plaintiff had complied with the conditions precedent to the institution of this action.

"Summary judgment is a device whereby judgment is rendered if the pleadings, depositions, interrogatories, and admissions on file, together with any affidavits show that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56. The party moving for summary judgment has the burden of clearly establishing a lack of any triable issue of fact by the record proper before the court. *Singleton v. Stewart*, 280 N.C. 460, 465, 186 S.E.2d 400, 403 (1972). Further, in *Palm Beach, Inc. v. Allen*, 91 N.C. App. 115, 117, 370 S.E.2d 440, 441 (1988), this Court found that whether or not a guaranty was of payment or collection was a proper matter before the

JENNINGS COMMUNICATIONS CORP. v. PCG OF THE GOLDEN STRAND, INC.

[126 N.C. App. 637 (1997)]

court and "that the construction of a guaranty agreement is a matter of law where the language employed is plain and unambiguous."

A guaranty of payment is an absolute and unconditional promise to pay the debt at maturity if not paid by the principal debtor. *Credit Corp. v. Wilson*, 281 N.C. 140, 145, 187 S.E.2d 752, 755 (1972). In this type of guaranty agreement, the obligation of the guarantor is separate and independent from the obligation of the principal debtor. *Investment Properties v. Norburn*, 281 N.C. 191, 195, 188 S.E.2d 342, 345 (1972). The creditor's cause of action against a guarantor of payment ripens immediately upon the failure of the principal debtor to pay the debt at maturity, and the creditor need not have diligently prosecuted the principal debtor without success before seeking payment from the guarantor of payment. *Cameron-Brown v. Spencer*, 31 N.C. App. 499, 502, 229 S.E.2d 711, 712 (1976), *disc. review denied*, 291 N.C. 710, 232 S.E.2d 203 (1977).

Conversely, a guaranty of collection is a promise by the guarantor to pay the debt on condition that his creditor shall diligently prosecute the principal debtor without success first. *Credit Corp.*, 281 N.C. at 145, 187 S.E.2d at 755.

The guaranty agreement executed by defendant TCI reads as follows:

### ABSOLUTE AND UNCONDITIONAL GUARANTY

FOR VALUE RECEIVED, the undersigned hereby guarantees the payment of the principal and interest of the foregoing Note, as and when the same shall become due, and any extension thereof, in whole or in part; the undersigned accepts all of its provisions; authorizes the maker, without notice to the undersigned, to obtain an extension or extensions in whole or in part, and the undersigned further waives protest, demand and notice of protest. In the case of non-payment of principal and interest when due, action may be brought by the holder of this Note against the undersigned only if the holder has first exhausted all remedies available to it against the maker of this Note and against all collateral securing this Note. The undersigned further waives notice of acceptance of this guaranty.

The $95,000.00 promissory note contained the following language:

Payment of this Note is absolutely and unconditionally guaranteed by [TCI], which Guaranty is annexed hereto and made a part

JENNINGS COMMUNICATIONS CORP. v. PCG OF THE GOLDEN STRAND, INC.

[126 N.C. App. 637 (1997)]

hereof, and as to which Guaranty [TCI] acknowledges receipt of full and ample consideration for its execution thereof.

The following North Carolina cases provide examples of the absolute and unconditional language required for a guaranty to be considered a guaranty of payment. *See Credit Corp. v. Wilson,* 281 N.C. 140, 187 S.E.2d 752 (1972); *Investment Properties v. Norburn,* 281 N.C. 191, 188 S.E.2d 342 (1972); *Exxon Chemical Americas v. Kennedy,* 59 N.C. App. 90, 295 S.E.2d 770 (1982); *Gregory Poole Equipment Co. v. Murray,* 105 N.C. App. 642, 414 S.E.2d 563 (1992). In *Exxon,* we said:

> A guaranty of payment is an *absolute promise* by the guarantor to pay a debt at maturity if it is not paid by the principal debtor. This obligation *is independent of the obligation of the principal debtor,* 'and the creditor's cause of action against the guarantor ripens immediately upon the failure of the principal debtor to pay the debt at maturity.'

*Exxon,* 59 N.C. App. at 92, 295 S.E.2d at 771 (*quoting Gillespie v. DeWitt,* 53 N.C. App. 252, 258, 280 S.E.2d 736, 741 (1981)).

Although the guaranty agreement in this case is entitled "Absolute and Unconditional," the agreement also provides that the note holder (plaintiff) must exhaust all remedies available against the maker of the note (TNC) before the guaranty by TCI becomes effective.

The nature and extent of the liability of a guarantor depends on the terms of the contract as construed by the general rules of construction. *See Trust Co. v. Clifton,* 203 N.C. 483, 166 S.E.2d 334 (1932). Since the guaranty agreement establishes unambiguously that a condition precedent must be met before TCI's liability attaches, the plaintiff is required to first exhaust all remedies it has available against TNC and against all collateral securing the note. Thus, the trial court erred in granting summary judgment in favor of the plaintiff and against TCI on the $95,000.00 note.

[2] Defendants also argue that the trial court erred in awarding attorney's fees in the amount of fifteen percent of the outstanding balance without making findings to support the reasonableness of this amount.

In recent cases from this Court, *R.C. Associates v. Regency Ventures, Inc.* and *Devereux Properties, Inc. v. BBM&W, Inc.,* the

JENNINGS COMMUNICATIONS CORP. v. PCG OF THE GOLDEN STRAND, INC.

[126 N.C. App. 637 (1997)]

provisions allowing the award of attorney's fees did not stipulate a specific percentage range and thus did not require the trial court to determine a reasonable percentage. In those cases, the Court held that N.C. Gen. Stat. § 6-21.2(2) has determined that fifteen percent is a reasonable amount. *See R.C. Associates v. Regency,* 111 N.C. App. 367, 373, 432 S.E.2d 394, 397 (1993); *Devereux Properties, Inc v. BBM&W, Inc.,* 114 N.C. App. 621, 626, 442 S.E.2d 555, 558, *disc. review denied,* 337 N.C. 690, 448 S.E.2d 519 (1994).

However, in the earlier case of *West End III Limited Partners v. Lamb,* 102 N.C. App. 458, 402 S.E.2d 472, *disc. review denied,* 329 N.C. 506, 407 S.E.2d 857 (1991), the promissory note at issue, as does the present note, provided that " '[u]pon default the holder of this Note may employ an attorney to enforce the holder's rights . . . and endorsers of this Note hereby agree to pay to the holder reasonable attorneys fees not exceeding a sum equal to fifteen percent (15%) of the outstanding balance.' " *Id.* at 459, 402 S.E.2d at 473. The Court remanded the case to the trial court so that it could make findings as to the actual hours expended collecting the debt owed to plaintiffs and the reasonable value of those services. *Id.* at 461, 402 S.E.2d at 475.

The Court in *R.C. Associates* distinguished *West End* under the following rationale:

> In those cases [*West End*], the relevant contract provisions called for an award of attorney's fees in reference to a specific percentage of the amount owing. Thus, these awards fell under N.C. Gen. Stat. § 6-21.2(1) which requires the trial court to determine a reasonable percentage within the specified range. This determination necessarily requires some evidence of what percentage will be reasonable in each case, as West End and Coastal Production so state. However, subdivision (2) has predetermined that 15% is a reasonable amount in our case.

*R.C. Associates,* 111 N.C. App. at 373, 432 S.E.2d at 397. Thus, we reverse the award of attorney's fees and remand to the trial court for a determination of the attorney's fees to be awarded pursuant to N.C. Gen. Stat. § 6-21.2(1).

In summary, the order of the trial court granting summary judgment to plaintiff as against defendant TNC is affirmed. The order granting summary judgment to plaintiff as against defendant TCI is

reversed. The order awarding attorney's fees as against both defendants is reversed and remanded.

Affirmed in part, reversed in part and remanded.

Judges EAGLES and MARTIN, Mark D. concur.