**EPES v. B.E. WATERHOUSE, LLC**

[221 N.C. App. 422 (2012)]

C. RICHARD EPES, M.D., Plaintiff v. B.E. WATERHOUSE, LLC and
A.J. WATERHOUSE, LLC, Defendants/Counterclaimants

No. COA11-1528

(Filed 19 June 2012)

**1. Guaranty—declaratory judgment—bankruptcy—automatic stay did not prevent actions against loan guarantor**

The trial court did not err in a declaratory judgment action by granting summary judgment in favor of defendants. Defendants showed that Fuddruckers defaulted, an event which plaintiff guarantor conceded would trigger a guaranty obligation. Although Fuddruckers filed for bankruptcy, the automatic stay did not prevent actions against guarantors of loans.

**2. Guaranty—declaratory judgment—no ambiguity in assignment and guaranty language—no release**

The trial court did not err in a declaratory judgment action by granting summary judgment in favor of defendants even though plaintiff guarantor contended the language in the assignment to the guaranty and the continuation of the guaranty with Fuddruckers was ambiguous and should have been construed against defendants. The clear and unambiguous language of both the assignment and guaranty reflected that the assignment to Fuddruckers would not release plaintiff from liability as guarantor.

**3. Declaratory Judgments—motion for new trial or relief from judgment—no fraud—default**

The trial court did not abuse its discretion in a declaratory judgment action by denying defendant's motion for a new trial or relief from judgment pursuant to N.C.G.S. § 1A-1, Rule 60 even though plaintiff contended defendants committed fraud by asserting that Fuddruckers was in default under the contract. The Court of Appeals had already concluded that Fuddruckers was in default.

Appeal by Plaintiff from orders entered 25 February 2011 and 3 August 2011 by Judge Michael Morgan in Guilford County Superior Court. Heard in the Court of Appeals 25 April 2012.

*Douglas S. Harris for Plaintiff-Appellant.*

*Hendrick Bryant Nerhood & Otis, LLP, by Kenneth C. Otis, for Defendants/Counterclaimants-Appellees.*

EPES v. B.E. WATERHOUSE, LLC

[221 N.C. App. 422 (2012)]

BEASLEY, Judge.

C. Richard Epes, M.D. (Plaintiff) appeals from an order granting summary judgment in favor of B.E. Waterhouse, LLC and A.J. Waterhouse, LLC (Defendants) entered 25 February 2011, and an order denying his motions for a new trial or relief from judgment entered 3 August 2011. For the following reasons, we affirm both orders.

Plaintiff signed a Guaranty Agreement dated 1 October 1998 to act as guarantor to the lease entered into between Primax Properties, LLC (Primax), the lessor, and CRC Management Company, LLC (CRC), the lessee. On or about 27 December 2001, Primax assigned its rights, duties, and obligations under the lease to PMC, Inc. (PMC). On or about 2 December 2005, PMC assigned the rights, titles, and interest in the lease to Defendants, including all right, title, and interest in the Guaranty Agreement. CRC sold its assets to Fuddruckers Inc. (Fuddruckers) pursuant to an asset purchase agreement.

Plaintiff commenced this action on 2 July 2010 by filing a complaint asking for a declaratory judgment that Plaintiff "has no ongoing duties, obligations, or liability of any type to defendants under any agreement or under applicable law." Defendants moved for summary judgment on 24 January 2011. Summary judgment was granted for Defendants by order filed 25 February 2011 in Guilford County Superior Court. On 7 March 2011, Plaintiff filed a motion for a new trial and/or hearing pursuant to Rule 59 of the North Carolina Rules of Civil Procedure. Plaintiff then filed a motion for a new trial and/or relief from judgment pursuant to Rule 60 of the North Carolina Rules of Civil Procedure on 7 April 2011. Both motions were denied by order entered 3 August 2011. Plaintiff filed notice of appeal to this Court on 2 September 2011.

I.

[1] Plaintiff first argues that the trial court erred in granting summary judgment to Defendants where Defendants did not show that Fuddruckers defaulted, and where a lessor has not defaulted, a guarantor is not liable. We disagree.

A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2011). "[F]indings of fact made by the trial judge are conclusive on appeal if supported

by competent evidence, even if . . . there is evidence to the contrary. Conclusions of law drawn by the trial court from its findings of fact are reviewable *de novo* on appeal." *Tillman v. Commer. Credit Loans, Inc.*, 362 N.C. 93, 100-01, 655 S.E.2d 362, 369 (2008) (internal quotation marks and citations omitted).

The lease delineates four Events of Default, upon the occurrence of which "the party not in default shall have the right to exercise any rights or remedies" available to it. According to 19(a)(iii) of the lease, an Event of Default will occur if

> [t]enant shall become bankrupt or insolvent, or file any debtor proceedings, or file pursuant to any statute a petition in bankruptcy or insolvency or for reorganization, or file a petition for the appointment of a receiver or trustee for all or substantially all of Tenant's assets (if such petition or appointment shall not have been set aside within sixty (60) days from the date of such petition or appointment), or if Tenant makes an assignment for the benefit of creditors, or petitions for or enters into an arrangement. . . .

In support of their assertion that Fuddruckers has defaulted on the lease, Defendants point to the affidavit of Blake E. Waterhouse, Manager of Defendant B.E. Waterhouse, LLC, which states that Fuddruckers filed for bankruptcy protection on or about 21 April 2010.

Plaintiff does not argue that Fuddruckers did not file bankruptcy, but instead that under the lease it is permissible to file bankruptcy and avoid default so long as the petition of bankruptcy is set aside within 60 days. In support of this argument, Plaintiff points to the following circumstance listed in third Event of Default: "file a petition for the appointment of a receiver or trustee for all or substantially all of Tenant's assets (if such petition or appointment shall not have been set aside within sixty (60) days from the date of such petition or appointment)[.]" Plaintiff misreads the lease, as the 60 day provision applies when a tenant has filed a petition for the appointment of a receiver or trustee, not when a Tenant has filed for bankruptcy. Accordingly, Defendants have shown that Fuddruckers defaulted; an event which Plaintiff concedes would trigger a guaranty obligation.

Plaintiff also argues that federal bankruptcy law provides for a stay on collection actions put in place at the time of a bankruptcy filing, and Defendants therefore had to obtain an order setting aside the stay from bankruptcy court. Specifically, Plaintiff relies on 11 U.S.C. § 362(a)(6), which provides that a petition of bankruptcy oper-

ates as a stay on "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case. . . ." Plaintiff's reliance is misplaced, as federal courts have held that the automatic stay does not prevent actions against guarantors of loans. *See, e.g., Credit Alliance Corp. v. Williams,* 851 F.2d 119, 121 (4th Cir. 1988).

## II.

[2] Plaintiff next argues that the trial court erred in granting summary judgment to Defendants because the language in the assignment to the guaranty and the continuation of the guaranty with Fuddruckers was ambiguous and should have been construed against Defendants. We disagree.

"A guaranty of payment is an absolute and unconditional promise to pay the debt at maturity if not paid by the principal debtor." *Jennings Communications Corp v. PCG of the Golden Strand, Inc.,* 126 N.C. App. 637, 640, 486 S.E.2d 229, 231 (1997). "The nature and extent of the liability of a guarantor depends on the terms of the contract as construed by the general rules of construction." *Id.* at 641, 486 S.E.2d at 232.

> Under the general rules of contract construction, where an agreement is clear and unambiguous, no genuine issue of material fact exists and summary judgment is appropriate. In contrast, an ambiguity exists in a contract if the language of the contract is fairly and reasonably susceptible to either of the constructions asserted by the parties.

*Carolina Place Joint Venture v. Flamers Charburgers, Inc.,* 145 N.C. App. 696, 699, 551 S.E.2d 569, 571 (2001)(internal quotations, brackets, and citations omitted).

Plaintiff first contends that there is ambiguity in the 31 December 2001 Assignment and Assumption of Lease (the Assignment), where Fuddruckers assumed the lease on the property. The provision of the Assignment that both parties point to is paragraph 6, which states:

> Landlord, agrees that from the Effective Date CRC shall be released from all of its obligations under the Lease accruing or relating to any period after the Effective Date. Nothing contained herein is intended to release or terminate (i) the liability of CRC for any of its obligations under the Lease accruing or relating to any period prior to the Effective Date, and CRC shall remain fully

liable therefor or (ii) *that certain Guaranty of the Lease dated 1998 from Dr. C. Richard Epps [sic] which Guaranty shall continue in full force and effect.* (emphasis added).

Unlike the liability of CRC, which is clearly limited by the Assignment, Plaintiff's liability as guarantor is explicitly said to continue in full force and effect. There is no ambiguity in that statement.

Plaintiff also argues that ambiguity exists because the Assignment redefines "tenant" under the lease to reflect that Fuddruckers is the new tenant, but the same was not done in the Guaranty Agreement (Guaranty). This argument is also unpersuasive, because not only does the Assignment specifically state that the Guaranty will continue "in full force and effect", as noted above, but the Guaranty itself clearly states that "Landlord and Tenant, without notice to or consent by Guarantor, may at any time or times enter into such modifications, extensions, amendments or other covenants respecting the Lease and Guarantor should not be released thereby[.]" Therefore, the clear and unambiguous language of both the Assignment and Guaranty reflect that the assignment to Fuddruckers would not release Plaintiff from liability as guarantor, and summary judgment was appropriately granted to Defendants.

III.

[3] Finally, Plaintiff argues that the trial court abused its discretion by denying his motion for a new trial or relief from judgment pursuant to N.C. Gen. Stat. §1A-1, Rule 60[1] where Defendants committed fraud. We disagree.

"On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . (3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party[.]" N.C. Gen. Stat. § 1A-1, Rule 60(b)(3) (2011). "[T]he standard of review of a trial court's denial of a Rule 60(b) motion is abuse of discretion." *Davis v. Davis*, 360 N.C. 518, 523, 631 S.E.2d 114, 118 (2006). "A trial court may be reversed for abuse of discretion only upon a showing that its actions are manifestly unsupported by reason." *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985).

Plaintiff essentially argues that Defendants were fraudulent in asserting that Fuddruckers was in default under the contract. We

---

1. Plaintiff withdrew his argument regarding the N.C. Gen. Stat. § 1A-1, Rule 59 motion that was filed with the Rule 60 motion; we need not address it here.

**IN RE N.J.**

[221 N.C. App. 427 (2012)]

have already concluded that Fuddruckers was in default, see Section
I *supra,* so this argument is without merit.

Affirmed.

Judges CALABRIA and STEELMAN concur.