NUCOR CORP. v. GENERAL BEARING CORP.

[103 N.C. App. 518 (1991)]

---

NUCOR CORPORATION, PLAINTIFF v. GENERAL BEARING CORPORATION, DEFENDANT

No. 9026SC729

(Filed 16 July 1991)

1. **Arbitration and Award § 34 (NCI4th); Costs § 33 (NCI4th) — superior court — review of arbitration award — authority to award attorney fees**

    The superior court had authority to award attorney fees under N.C.G.S. § 6-21.2 in the first instance upon review of an arbitration award. A provision of N.C.G.S. § 1-567.11 only precludes an award of attorney fees by an arbitration panel but does not ban an award by the superior court.

    **Am Jur 2d, Arbitration and Award § 139.**

2. **Costs § 33 (NCI4th) — attorney fees — evidence of indebtedness — stock purchase agreement**

    A stock purchase agreement was an "evidence of indebtedness" within the meaning of N.C.G.S. § 6-21.2 where

NUCOR CORP. v. GENERAL BEARING CORP.

[103 N.C. App. 518 (1991)]

it evidenced on its face a legally enforceable obligation to
pay money.

**Am Jur 2d, Costs § 92.**

3. **Costs § 33 (NCI4th) — statutory attorney fees — action on debt
   — evidence of work value not required**
   The trial court did not err in awarding attorney fees under
   N.C.G.S. § 6-21.2 of 15% of the outstanding balance owed
   on the obligation in question without receiving evidence as
   to the nature and extent of the work done and its reasonable
   value.

**Am Jur 2d, Costs § 72.**

**Liability of parties to arbitration for costs, fees, and ex-
penses. 57 ALR3d 633.**

APPEAL by defendant from order entered 27 April 1990 and
judgment entered 2 May 1990 by *Judge Kenneth A. Griffin* in
MECKLENBURG County Superior Court. Heard in the Court of Ap-
peals 24 January 1991.

*DeLaney and Sellers, P.A., by Ernest S. DeLaney III and
Ernest S. DeLaney, for plaintiff appellee.*

*Kennedy Covington Lobdell & Hickman, by Raymond E. Owens,
Jr., for defendant appellant.*

PHILLIPS, Judge.

The judgment appealed from confirmed an arbitration award
to plaintiff in the amount of $1,537,690 and awarded plaintiff at-
torney's fees in the amount of $230,653.50 pursuant to the provi-
sions of G.S. 6-21.2. All of defendant's contentions concern the
legal fees awarded. None has merit, and we affirm.

*Inter alia,* the stock purchase agreement that was arbitrated
obligated defendant to convey to plaintiff all the outstanding stock
of a subsidiary corporation it owned; to pay plaintiff the value
of the subsidiary's obsolete inventory; to pay any deficiency in
the warranted net worth of the subsidiary; and, without specifying
a percentage, to pay plaintiff's reasonable attorney's fees in the
event of default. The agreement also required defendant to secure
its various obligations by an irrevocable letter of credit in the

amount of $1,500,000 and to put $1,000,000 of the purchase money received in escrow pending its full performance. Despite the provision authorizing the award of attorney's fees, the arbitration panel declined to award them because of its belief that it had no legal authority to do so. Upon review the Superior Court affirmed the panel's award and awarded plaintiff an attorney's fee of 15% of the balance that defendant owed under the agreement.

[1] Defendant's main contention is that in reviewing the arbitration panel's award the Superior Court had no authority to award attorney's fees in the first instance, because an award of attorney's fees for work performed in arbitration proceedings is precluded by the following provision of G.S. 1-567.11:

Unless otherwise provided in the agreement to arbitrate, the arbitrators' expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award.

This provision only precludes an award of attorney's fees by an arbitration panel, it does not ban an award by the Superior Court. *G. L. Wilson Building Co. v. Thorneburg Hosiery Co., Inc.*, 85 N.C. App. 684, 355 S.E.2d 815, *disc. review denied*, 320 N.C. 798, 361 S.E.2d 75 (1987).

[2] Though G.S. 6-21.2 expressly authorizes the award of attorney's fees in suits to collect any "evidence of indebtedness," defendant argues that the fees were not authorized because the stock purchase agreement involved was not an "evidence of indebtedness" within the contemplation of that statute. But the term "evidence of indebtedness" as used in G.S. 6-21.2, so the Court held in *Stillwell Enterprises, Inc. v. Interstate Equipment Company*, 300 N.C. 286, 294, 266 S.E.2d 812, 817 (1980), refers "to any printed or written instrument, signed or otherwise executed by the obligor(s), which evidences on its face a legally enforceable obligation to pay money," and the agreement involved is obviously such an instrument.

[3] Nor, as defendant argues, did the trial court err in awarding a fee of 15% of the balance that defendant owed plaintiff without receiving evidence as to the nature and extent of the work done and its reasonable value. For G.S. 6-21.2(2) expressly provides that when a contract authorizing attorney's fees does not specify the fee percentage that it shall be construed to mean 15% of the

"outstanding balance" owed on the obligation involved, and in setting the fee the court merely followed the statutory mandate.

Affirmed.

Judges EAGLES and WYNN concur.