TRULL v. CENTRAL CAROLINA BANK & TRUST

[124 N.C. App. 486 (1996)]

RANDOLPH H. TRULL, PLAINTIFF v. CENTRAL CAROLINA BANK & TRUST; RICHARD
H. CRONK, JR.; PLAYER I, A NORTH CAROLINA GENERAL PARTNERSHIP AND KITTY
PLAYER BECK, DEFENDANTS

No. COA95-1288

(Filed 19 November 1996)

**1. Costs § 33 (NCI4th)— debt collection—attorneys' fees—deficiency action**

The trial court did not err by awarding attorneys' fees to defendant-bank where the bank was unsuccessful in a deficiency action against plaintiff on a non-purchase money note. N.C.G.S. § 6-21.2 does not require that a party seeking attorneys' fees under the statute qualify as a "prevailing party" in litigation. To limit the operation of the statute to successful litigants would require the court to judicially amend the existing statute.

**Am Jur 2d, Costs §§ 5, 57-70.**

**Validity of statute allowing attorneys' fees to successful claimant but not to defendant, or vice versa. 73 ALR3d 515.**

**2. Costs § 33 (NCI4th)— debt collection—attorneys' fees—ancillary action**

The trial court did not err by awarding attorneys' fees to defendant-bank arising from the attempted collection of a non-purchase money note where plaintiff contended that N,C.G.S. § 6-21.2 should not apply to this action because defendant's failure in its deficiency action precludes the collection of a debt under the statute. Defendant's legal actions were in pursuit of payment of a debt evidenced by the same promissory note which contained the provision for reasonable attorneys' fees.

**Am Jur 2d, Costs §§ 5, 57-70.**

**Validity of statute allowing attorneys' fees to successful claimant but not to defendant, or vice versa. 73 ALR3d 515.**

**3. Costs § 33 (NCI4th)— debt collection—non-purchase money note**

A trial court's award of attorneys' fees arising from the attempted collection of a note was not precluded under *Merritt*

*v. Edwards Ridge,* 323 N.C. 330. The note at issue here is not a purchase money note; expanding the decision in *Merritt* to this non-purchase money, commercial transaction would deprive defendants of the benefits of a bargain, fairly and properly entered, which violates no established public policy.

**Am Jur 2d, Costs §§ 5, 57-70.**

**Validity of statute allowing attorneys' fees to successful claimant but not to defendant, or vice versa. 73 ALR3d 515.**

4. **Costs § 33 (NCI4th)— debt collection—attorneys' fees— calculation of**

The trial court did not abuse its discretion in its calculation of attorneys' fees in an action arising from the collection of a non-purchase money note where defendant lost a deficiency action. That action was ancillary to defendant's other actions to enforce the debt. The trial court calculated the attorneys' fees by applying the statutory percentage to the balance of the note on a date which falls within twenty-two days of the commencement of foreclosure proceedings.

**Am Jur 2d, Costs §§ 5, 57-70.**

**Validity of statute allowing attorneys' fees to successful claimant but not to defendant, or vice versa. 73 ALR3d 515.**

5. **Costs § 33 (NCI4th)— debt collection—attorneys' fees— calculation of**

The trial court did not err in calculating attorneys' fees in an action to collect a non-purchase money note by including fees incurred in the foreclosure action. Fees incurred by the bank's attorneys in the foreclosure proceeding or in any action connected with the collection of the debt are permissible under the N.C.G.S. § 6-21.2.

**Am Jur 2d, Costs §§ 5, 57-70.**

**Validity of statute allowing attorneys' fees to successful claimant but not to defendant, or vice versa. 73 ALR3d 515.**

**6. Costs § 33 (NCI4th)— debt collection—attorneys' fees— 15% reasonable amount**

An award of attorneys' fees to defendant bank in an action on a non-purchase money note was not a windfall where plaintiff argued that the statutory 15% exceeded the actual attorneys' fees. The promissory note at issue provides for "reasonable attorneys' fees" and is therefore subject to the provisions in N.C.G.S. § 6-21.2 subsection (2), not subsection (1). Subsection (2) has predetermined that 15% is a reasonable amount.

**Am Jur 2d, Costs §§ 5, 57-70.**

**Validity of statute allowing attorneys' fees to successful claimant but not to defendant, or vice versa. 73 ALR3d 515.**

Judge WALKER concurring in part and dissenting in part.

Appeal by plaintiff from order entered 31 July 1995 by Judge Narley L. Cashwell in Wake County Superior Court. Heard in the Court of Appeals 28 August 1996.

This case involves a lender's statutory right to attorneys' fees under N.C.G.S. 6-21.2.

On 6 August 1990, the plaintiff, Randolph H. Trull, executed a promissory note in the principal sum of $650,000 representing a debt owed by plaintiff to defendant, Central Carolina Bank, secured by a deed of trust on real property in Wake County and by plaintiff's personal property pledged to defendant by a security agreement. The promissory note was not a purchase money note. Paragraph 4 of the promissory note provides: "[T]he Borrower(s) agree(s) to pay expenses and costs of collection and reasonable attorneys' fees incurred by the holder in enforcing the agreements of the Borrower(s)."

Trull defaulted in payment on the Note. On 8 April 1993, CCB notified Trull by certified mail that the loan was in default and demanded payment in full. The letter included notice of CCB's intent to enforce a claim for attorneys' fees in accordance with G.S. 6-21.2. As of 8 April 1993 the outstanding balance of principal and interest owed on the Note was $672,168.48.

On 15 April 1993, Trull brought suit against CCB seeking rescission of Trull's purchase of the Wake County real property, rescission

of the promissory note, and return of all the collateral and security held by defendant.

On 16 April 1993, CCB employed an attorney to defend Trull's claim and to enforce and collect the debt owed by Trull on the promissory note. CCB instituted foreclosure proceedings pursuant to the deed of trust on the Wake County real property on 30 April 1993. Trull obtained a preliminary injunction staying the foreclosure pending disposition of his lawsuit. On 1, 7, 21, and 24 June 1993, CCB liquidated all of Trull's personal property collateral subject to the security agreement. CCB applied the proceeds of that sale, $158,767.66, to reduce Trull's outstanding debt on the promissory note.

On 17 June 1993, CCB filed an Answer denying the allegations in Trull's Complaint and counterclaimed for the outstanding principal and interest due on the promissory note and reasonable attorneys' fees. CCB then moved for summary judgment as to all of Trull's claims against CCB. On 13 September 1993, Wake County Superior Court Judge Stephens granted CCB's motion for summary judgment, dismissed all of Trull's claims against CCB, and vacated prior orders to stay the foreclosure proceedings. Trull appealed Judge Stephens' ruling to this Court and this Court affirmed Judge Stephens' order on 6 December 1994. The Supreme Court denied Trull's petition for discretionary review on 9 February 1995.

On 18 November 1993, CCB foreclosed on the Wake County real property. CCB purchased the property at foreclosure for $350,000.00 and credited the balance due on the promissory note for that amount. This amount, combined with the proceeds from the earlier sale of Trull's personal property collateral, satisfied $508,767.66 of the $672,168.48 balance owing on the promissory note, leaving a deficit of $163,400.82. On 16 February 1994, CCB filed a supplemental counterclaim seeking the remaining balance due under the promissory note. That counterclaim included a claim for $99,588.35 in attorneys' fees accrued in the collection and foreclosure action. Trull defended CCB's action for the deficiency under the North Carolina Anti-Deficiency Statute, G.S. 45-21.36. In the deficiency action, a Wake County jury determined that the Wake County real property subject to the deed of trust was fairly worth $550,000.00 at the time of the foreclosure sale. The Wake County Superior Court then entered judgment for Trull, stating that Trull owed no deficiency to CCB and CCB was entitled to recover nothing by way of deficiency.

The court reserved ruling on CCB's request for attorneys' fees until a later time.

On 31 July 1995, Judge Narley L. Cashwell entered an order awarding attorneys' fees to CCB in the amount of $100,825.27, representing 15% of $672,168.48, the balance owed by Trull to CCB on 8 April 1993. CCB submitted evidence of attorneys' fees accrued prior to the 18 November 1993 foreclosure action totalling $94,588.35, including $5,785.35 in attorneys' fees directly related to the foreclosure sale.

Plaintiff now appeals the award of attorneys' fees to CCB.

*Burns, Day & Presnell, P.A., by Lacy M. Presnell, III and Susan F. Vick, for plaintiff-appellant.*

*H. Spencer Barrow, for defendant-appellee Central Carolina Bank & Trust Company.*

EAGLES, Judge.

The general rule in North Carolina has long been that a party cannot recover attorneys' fees "unless such a recovery is expressly authorized by statute." *Enterprises, Inc. v. Equipment Co.*, 300 N.C. 286, 289, 266 S.E.2d 812, 814 (1980). N.C.G.S. 6-21.2 allows an award of attorneys' fees in actions to enforce obligations owed under "an evidence of indebtedness" that itself provides for the payment of attorneys' fees. *RC Associates v. Regency Ventures, Inc.*, 111 N.C. App. 367, 372, 432 S.E.2d 394, 397 (1993). N.C.G.S. 6-21.2 provides, in pertinent part:

> Obligations to pay attorneys' fees upon any note, conditional sale contract or other evidence of indebtedness, in addition to the legal rate of interest or finance charges specified therein, shall be valid and enforceable, and collectible as part of such debt, if such note, contract or other evidence of indebtedness be collected by or through an attorney at law after maturity . . .

The promissory note here provides for the payment of "reasonable attorneys' fees incurred by the holder in enforcing the agreements of the Borrower(s)." Because the note provides for "reasonable attorneys' fees" without referring to any specific percentage of fees to be paid, N.C.G.S. 6-21.2(2) applies. N.C.G.S. 6-21.2(2) provides:

> (2) If such note, conditional sale contract or other evidence of indebtedness provides for the payment of reasonable attorneys'

TRULL v. CENTRAL CAROLINA BANK & TRUST

[124 N.C. App. 486 (1996)]

fees by the debtor, without specifying any specific percentage, such provision shall be construed to mean fifteen percent (15%) of the "outstanding balance" owing on said note, contract or other evidence of indebtedness.

I.

[1] Plaintiff contends that the trial court's award of attorneys' fees was improper. Plaintiff first argues that, despite the language in the note, CCB is not entitled to attorneys' fees under the statute because CCB was unsuccessful in its deficiency action against Trull. G.S. 6-21.2 does not require that a party seeking attorneys' fees under the statute qualify as a "prevailing party" in litigation. Although the General Assembly included this requirement in other statutes providing for attorneys' fees, the text of G.S. 6-21.2 does not state this requirement. (N.C.G.S. 75-16.1 (1994) limits recovery of attorneys' fees to the "prevailing party"). The Court "may not, under the guise of judicial interpretation, interpolate provisions which are wanting in the statute and thereupon adjudicate the rights of the parties thereunder." *Simmons v. Wilder*, 6 N.C. App. 179, 181, 169 S.E.2d 480, 481 (1969). Furthermore, the purpose of G.S. 6-21.2 is to allow the debtor a last chance to pay his outstanding balance and avoid litigation, not to reward the prevailing party with the reimbursement of his costs in prosecuting or defending the action. *RC Associates v. Regency Ventures, Inc.*, 111 N.C. App. 367, 373- 374, 432 S.E.2d 394, 398 (1993). To limit the operation of G.S. 6-21.2 to <u>successful</u> litigants would require this court to judicially amend the existing statute. We believe that to do so would improperly invade the province of the General Assembly.

[2] Trull also contends that G.S. 6-21.2 should not apply to this action because the statute requires that the attorneys' fees be "collectible as part of such debt" and that CCB's failure in its deficiency action precludes the collection of a debt under the statute. CCB's counterclaim for the deficiency was an ancillary action to the actual foreclosure proceeding. It is undisputed that as of 8 April 1993 Trull owed a debt of $672,168.48 to CCB. CCB's legal actions were in pursuit of payment of the debt evidenced by the same Promissory Note which contained the provision for "reasonable attorneys' fees."

[3] Plaintiff Trull further contends that the trial court's award of attorneys' fees should be precluded by the Supreme Court's decision in *Merritt v. Edwards Ridge* which held that the anti-deficiency statute applying exclusively to purchase money notes, N.C.G.S.

45-21.38 (1991), precludes the recovery of attorneys' fees under G.S. 6-21.2. 323 N.C. 330, 372 S.E.2d 559 (1988). The decision in *Merritt* follows the legislative intent behind G.S. 45-21.38, "to protect a vendor's assignee, who would not know the nature of the transaction." *Childers v. Parker's Inc.*, 274 N.C. 256, 263, 162 S.E.2d 481, 486 (1968). It is well established that under this anti-deficiency statute, the purchase money creditor is strictly limited upon foreclosure and sale to the proceeds which stand in place of the land. *Merritt*, 323 N.C. at 336, 372 S.E.2d at 563. Significantly, the note at issue here is not a purchase money note. Trull defended CCB's action for the deficiency under G.S. 45-21.36, using the reasonable value defense, not under G.S. 45-21.38. In fact, Trull's obligation to CCB arose from a commercial land transaction. Expanding the decision in *Merritt* to this non-purchase money, commercial transaction would "deprive[s] the [defendants] of the benefits of a bargain, fairly and properly entered, which violates no established public policy." *Merritt*, 323 N.C. at 338, 372 S.E.2d at 564 (Whichard, J., dissenting).

II.

[4] Plaintiff next contends that the trial court's calculation of attorneys' fees was improper and contrary to law. We disagree. When the trial court determines an award of attorneys' fees is appropriate under the statute, the amount of attorneys' fees awarded lies within the discretion of the trial court. *Coastal Production v. Goodson Farms*, 70 N.C. App. 221, 226, 319 S.E.2d 650, 655 (1984). Therefore, the award of attorneys' fees is conclusive absent an error of law or abuse of discretion by the trial court. *Id.*

N.C.G.S. 6-21.2(2) expressly authorizes an award of attorneys' fees of 15% of the "outstanding balance" in suits to collect any "evidence of indebtedness," when such evidence of indebtedness is collected "by or through an attorney at law after maturity." The term "evidence of indebtedness" refers to "any printed or written instrument, signed or otherwise executed by the obligor(s), which evidences on its face a legally enforceable obligation to pay money." *Enterprises, Inc. v. Equipment Co.*, 300 N.C. 286, 294, 266 S.E.2d 812, 817 (1980). The promissory note involved here fits that description.

The term "outstanding balance" is defined by N.C.G.S. 6-21.2(3) as "the principal and interest owing at the time suit is instituted to enforce any security agreement securing payment of the debt and/or to collect said debt." N.C.G.S. 6-21.2(3) (1986) (emphasis added).

CCB retained an attorney to collect and enforce the debt on 16 April 1993, instituted foreclosure proceedings on the Wake County real property on 30 April 1993, and liquidated Trull's personal property collateral between 1 June and 24 June 1993. The actual deficiency action was ancillary to CCB's other actions to enforce the debt. The trial court calculated the attorneys' fees by applying the statutory percentage to the balance of the note on 8 April 1993. That valuation date falls within twenty two days of the commencement of foreclosure proceedings. We find no abuse of the trial court's discretion in awarding attorneys' fees at 15% of the value of the note on this date.

**[5]** Plaintiff also contends that the court erred in calculating attorneys' fees in this case by including fees incurred in the foreclosure action. In prior decisions regarding the application of N.C.G.S. 6-21.2, this Court has stated that "when other actions are reasonably related to the collection of the underlying note sued upon, attorneys' fees incurred therein may properly be awarded under G.S. 6-21.2." *Coastal Production v. Goodson Farms*, 70 N.C. App. 221, 227-28, 319 S.E.2d 650, 655 (1984). In *Coastal*, this Court determined that attorney fees incurred in bankruptcy, receivership, and foreclosure actions were sufficiently connected to the collection of the note to satisfy the statutory requirement that the fees be "collected by or through an attorney at law." 70 N.C. App. at 228, 319 S.E.2d at 656; N.C.G.S. 6-21.2 (1986). We noted that in some cases ancillary claims may be necessary to collect and enforce the note and that fees incurred in pursuing those ancillary claims would not be barred by the statute. 70 N.C. App. at 228, 319 S.E.2d at 656. "Reasonableness, not arbitrary classification of attorney activity, is the key factor under all our attorneys' fees statutes." *Id.* Fees incurred by CCB's attorneys in the foreclosure proceeding or in any action "connected" with the collection of the debt owed by Trull are permissible under the statute.

**[6]** Plaintiff additionally argues that an award of attorneys' fees to CCB under these circumstances amounts to a windfall, in that the statutory 15% exceeds the actual attorneys' fees incurred by CCB. The promissory note at issue in this case provides for "reasonable attorneys' fees" and is therefore subject to the provisions in G.S. 6-21.2 subsection (2), not subsection (1). Under subsection (1) an award of attorneys' fees must be supported by evidence and findings of fact supporting the reasonableness of the award, however, subsection (2) has predetermined that 15% is a reasonable amount. *Barker v. Agee*, 93 N.C. App. 537, 544, 378 S.E.2d 566, 570 (1989); *RC*

*Associates v. Regency Ventures, Inc.*, 111 N.C. App. 367, 373, 432 S.E.2d 394, 397 (1993). G.S. 6-21.2(2) expressly provides that when a contract authorizing attorneys' fees does not specify the fee percentage then it shall be construed to mean 15% of the "outstanding balance" owed on the instrument. *Nucor Corp. v. General Bearing Corp.*, 103 N.C. App. 518, 520-521, 405 S.E.2d 776, 778 (1991). In this case, the trial court did not err by calculating the fee awarded in accordance with the statutory mandate.

Affirmed.

Judge McGEE concurs.

Judge WALKER concurs in part and dissents in part.

Judge WALKER concurring in part and dissenting in part.

I agree with the majority's decision that the defendant was entitled to an award of attorneys' fees under N.C. Gen. Stat. § 6-21.2(2). However, I disagree that attorneys' fees should have been allowed on the $158,767.66 which the defendant received from the sale of the plaintiff's securities.

In *Coastal Production v. Goodson Farms*, 70 N.C. App. 221, 228, 319 S.E.2d 650, 656, *review denied*, 312 N.C. 621, 323 S.E.2d 922 (1984), this Court found that, ". . . the evidence supports the court's findings that the bankruptcy, foreclosure and receivership actions and other legal activity undertaken by the plaintiff's attorney were 'connected' to the collection of the note. . . ." Additionally, N.C. Gen. Stat. § 6-21.2 provides for attorneys' fees ". . . upon any note . . .collected by or through an attorney. . . ."

I conclude from the language of *Coastal* and this statute that in order to receive attorneys' fees in connection with the collection of a debt, there must be some activity on the part of the attorney. Although the sale of the plaintiff's securities in this case may be "connected" to the collection of the debt owed, there is no evidence that there was any activity on the part of defendant's attorney with respect to this sale. Therefore, the calculation of attorneys' fees should not have been based on the $158,767.66 proceeds from the sale of securities. From this portion of the majority opinion, I respectfully dissent.