An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-923

NORTH CAROLINA COURT OF APPEALS

Filed: 17 June 2014

TRIMARK FOODCRAFT, INC.,
        Plaintiff,

    v.                                  Cabarrus County
                                        No. 12 CVD 2558
TODD LEGER and LEGER CORP.,
        Defendants.


    Appeal by defendants from judgment entered 19 April 2013 by Judge Martin B. McGee in Cabarrus County District Court. Heard in the Court of Appeals 22 January 2014.


        *Olsen Law Offices, P.L.L.C., by John Olsen, for plaintiff-appellee.*

        *Vann Law Firm, P.A., by Christopher M. Vann, for defendants-appellants.*


    GEER, Judge.


    Defendants Todd Leger and Leger Corp. appeal from an order granting plaintiff Trimark Foodcraft Inc.'s motion for summary judgment. On appeal, defendants acknowledge that they failed to respond to plaintiff's request for admissions, but contend that those admissions are insufficient to establish defendants' liability for unfair and deceptive trade practices and

attorneys' fees. We agree and, therefore, reverse the summary judgment ruling to the extent that it enters judgment in plaintiff's favor with respect to those claims. However, we hold that the trial court did not err in holding that Leger Corp. is the alter ego of Mr. Leger and that plaintiff is accordingly entitled to pierce the corporate veil and hold Mr. Leger jointly and severally liable with Leger Corp.

## Facts

Plaintiff is a company that supplies food service equipment and design services to restaurants, country clubs, and other businesses. On 2 August 2012, plaintiff brought suit against defendants, alleging that it had contracted with defendants for the sale of goods and services to be used at Raintree Country Club in Charlotte, North Carolina. According to plaintiff's verified complaint, plaintiff performed all of its obligations to defendants concerning the work at Raintree Country Club.

The verified complaint further alleged that defendants issued a $33,143.47 check to plaintiff that was subsequently returned for insufficient funds. Additionally, plaintiff alleged that defendants, in order to obtain payment from Raintree Country Club (including for the goods and services provided by plaintiff), submitted a false affidavit to the Country Club making "false statements regarding payment to

[plaintiff] knowing they were false" and that defendants, based on that affidavit "received payment on the Raintree job, in violation of N.C.G.S. 44A-24[.]"

Plaintiff asserted claims against both defendants for breach of contract, quantum meruit, worthless check, fraud, and unfair or deceptive trade practices. The complaint alleged, as a basis for its claims against Todd Leger, that the Leger Corp. is the "alter ego" of Mr. Leger, "having failed to file corporate reports with the NC Secretary of State and follow corporate formalities, entitling [plaintiff] to 'pierce the corporate veil' and treat them as one entity."

On 6 December 2012, defendant filed an unverified answer denying the material allegations of the complaint and asserting various affirmative defenses, including accord and satisfaction and setoff. Defendants alleged that plaintiff and Leger Corp. had entered into an agreement pursuant to which plaintiff agreed to accept $33,000.00 in satisfaction of the claimed debt, and Leger Corp. had made two payments of $11,000.00, leaving a balance due of $11,000.00. Defendants further alleged in the unverified answer that the claims against Mr. Leger should be dismissed because "Leger Corp. is in good standing with the North Carolina Secretary of State."

On 7 December 2012, plaintiff served defendants by fax and first class mail with "Plaintiff's Interrogatories, Request for Admissions and Request to Produce." Defendants failed to answer or otherwise respond to the discovery requests within 30 days.

Plaintiff filed a motion for summary judgment on 11 February 2013. On 25 February 2013, the day before the summary judgment hearing, Mr. Leger served an affidavit opposing summary judgment. He submitted the affidavit to the trial court at the hearing. On 7 March 2013, more than a week after the hearing and two months past the date responses were due under the Rules of Civil Procedure, defendants served plaintiff with their responses to the plaintiff's discovery requests, including the request for admissions. The record contains no indication that defendants' responses were filed with the trial court.

The trial court entered a written order granting summary judgment to plaintiff with respect to both defendants on 19 April 2013. The court found that defendants had not responded to plaintiff's written discovery requests, including the request for admissions. The court further noted:

> 5. The Request for Admissions included, in part:
>
>> a. "1. The allegations of fact and conclusions of law in the Plaintiff's Complaint and any amendments thereto are correct and result in the

liability and damages set forth therein.

b.    "13. There are no facts upon which Defendant relies as a basis for any defense in this action.

and

c.    "15. Attorney's fees of 15% of the principal amount of the claim plus interest at the time this lawsuit was filed are fair, reasonable and should be added to Plaintiff's claim."

(Emphasis omitted.)

The trial court found that defendants "offered no good reason for their failure to respond to Plaintiff's Request for Admissions nor for their untimely affidavit." Additionally, the court found that the parties had stipulated that payments by defendants had reduced the original principal amount sued upon to $11,000.00.

Based on these findings, the trial court made the following conclusions of law:

1.    Defendants' admissions set forth above are judicially established as a matter of law, pursuant to Rule 36 of the North Carolina Rules of Civil Procedure.

2.    Defendants offered no good reason to relieve them of their failure to comply with the North Carolina Rules of Civil Procedure.

3. Defendants provided a false affidavit to receive payment, in violation of N.C.G.S. 44A-24.

4. This case raised no material issues of fact and Plaintiff is entitled to Judgment as a matter of law.

The trial court then ordered that plaintiff recover from defendants, jointly and severally: (1) the principal sum of $11,000.00, trebled to $33,000.00 pursuant to N.C. Gen. Stat. § 75-16 (2013), (2) pre-judgment interest, (3) reasonable attorneys' fees of $2,102.06, representing 15% of the principal and interest, (4) post-judgment interest, and (5) costs. Defendant timely appealed to this Court.

## Discussion

"Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.'" *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (quoting *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007)). "[S]ummary judgment, by definition, is always based on two underlying questions of law: (1) whether there is a genuine issue of material fact and (2) whether [any] party is entitled to judgment, N.C.R.Civ.P. 56(c)[.]" *Ellis v. Williams*, 319 N.C. 413, 415, 355 S.E.2d 479, 481 (1987).

Defendants do not dispute that because of their failure to respond to plaintiff's request for admissions, those requests were deemed admitted pursuant to Rule 36 of the Rules of Civil Procedure. *See Shwe v. Jaber*, 147 N.C. App. 148, 151, 555 S.E.2d 300, 303 (2001) ("[M]atters as to which admission is requested are deemed admitted unless the party to whom the request is directed serves a written response within the time permitted by the rule."); N.C.R. Civ. P. 36(b) ("Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission."). Defendants contend, however, that plaintiff's verified complaint and the admissions are not sufficient to support liability for unfair and deceptive practices under N.C. Gen. Stat. § 75-1.1 (2013).

Plaintiff's request for admissions included, in relevant part, the following:

> 1. The allegations of fact and conclusions of law in Plaintiff's Complaint and any amendments thereto are correct and result in the liability and damages set forth therein.[1]

---

[1] Defendant did not object to this request for admission and we, therefore, do not address whether such a request is proper. We do note that to the extent it calls for an admission regarding a legal issue, such an admission is not binding on the court. *See Bullard v. Wake Cnty.*, ___ N.C. App. ___, ___, 729 S.E.2d 686, 694 (holding that Rule 36 admissions are not binding with respect to questions of law as opposed to application of law to facts), *disc. review denied*, 366 N.C. 409, 735 S.E.2d 184

Therefore, by operation of Rule 36, defendant admitted the facts alleged in plaintiff's verified complaint.

"To prevail on a claim of unfair and deceptive trade practice a plaintiff must show (1) an unfair or deceptive act or practice, or an unfair method of competition, (2) in or affecting commerce, (3) which proximately caused actual injury to the plaintiff or to his business." *Spartan Leasing Inc. of N.C. v. Pollard*, 101 N.C. App. 450, 460-61, 400 S.E.2d 476, 482 (1991). It is, however, well established that "[a] mere breach of contract, even if intentional, is not an unfair or deceptive act under Chapter 75." *Bob Timberlake Collection, Inc. v. Edwards*, 176 N.C. App. 33, 42, 626 S.E.2d 315, 323 (2006). "To recover for unfair and deceptive trade practices, a party must show substantial aggravating circumstances attending the breach of contract." *Id.*

Here, plaintiff contends that because of defendant's violation of N.C. Gen. Stat. § 44A-24 (2013), its claim does not involve a mere breach of contract. A violation of a regulatory statute can constitute a *per se* violation of N.C. Gen. Stat. § 75-1.1 if "the regulatory statute *specifically* defines and proscribes conduct which is unfair or deceptive within the meaning of N.C. Gen. Stat. § 75-1.1." *Noble v. Hooters of*

(2012).

*Greenville (NC), LLC*, 199 N.C. App. 163, 170, 681 S.E.2d 448, 454 (2009). Alternatively, "the violation of a regulatory scheme may be a violation of the [Unfair and Deceptive Practices Act] where the regulatory violation satisfies the three elements of [an Unfair and Deceptive Practices Act] claim." *Id.* at 171, 681 S.E.2d at 455.

N.C. Gen. Stat. § 44A-24 provides that "conduct constituting the offense herein stated and causing actual harm to any person by any licensed contractor . . . shall constitute deceit . . . ." Thus, a violation of N.C. Gen. Stat. § 44A-24 "*specifically* defines and proscribes conduct which is unfair or deceptive within the meaning of N.C. Gen. Stat. § 75-1.1." *Noble*, 199 N.C. App. at 170, 681 S.E.2d at 454.

N.C. Gen. Stat. § 44A-24 provides that it is a Class 1 misdemeanor

> [i]f any contractor or other person receiving payment from an obligor for an improvement to real property . . . shall knowingly furnish to such obligor . . . a false written statement of the sums due or claimed to be due for labor or material furnished at the site of improvements to such real property . . . .
>
> The elements of the offense herein stated are the furnishing of the false written statement with knowledge that it is false and the subsequent or simultaneous receipt of payment from an obligor or purchaser by the person signing the document . . . .

Under the plain language of the statute, in order to successfully show that a defendant has violated this statute, plaintiff is required to show all three elements of the offense: (1) the furnishing of the false written statement, (2) with the knowledge that it is false, and (3) the subsequent or simultaneous receipt of payment from the obligor. *Id.* As to the first element, the false written statement must be (1) to the obligor and (2) "of the sums due or claimed to be due for labor or material furnished at the site of improvements to [the] real property . . . ." *Id.*

Here, the undisputed facts as taken from plaintiff's verified complaint -- with the facts deemed admitted by defendants -- are insufficient to show that defendant violated N.C. Gen. Stat. § 44A-24. The complaint alleges that defendants

> [P]rovided a false affidavit to Raintree, in order to induce payment for the work it had performed, including the goods and services provided by [plaintiff]. [Defendant] made false statements regarding payment to [plaintiff] knowing they were false and received payment on the Raintree job, in violation of N.C.G.S. 44A-24 . . . .

This allegation is not sufficient to meet the requirements regarding the false written statement. While plaintiff has alleged that the affidavit to Raintree was knowingly false, the false statement was not regarding sums due or claimed to be due

for labor or materials furnished at Raintree Country Club. Rather, the complaint states that the false statement was regarding payment to plaintiff.

Moreover, even assuming that defendant violated this statute, plaintiff has failed to show that the violation -- the unfair and deceptive practice -- proximately caused plaintiff's injury. While plaintiff was injured because defendant had insufficient funds and paid plaintiff with a worthless check, plaintiff has failed to allege facts showing that plaintiff was harmed by defendants' false statement to Raintree inducing payment for the project. Causation is a necessary element of a claim for unfair and deceptive practices, and plaintiff's failure to make a sufficient showing as to causation defeats its claim. *See Bob Timberlake*, 176 N.C. App. at 42, 626 S.E.2d at 323 (denying recovery on claim for unfair and deceptive practice where complaint failed to demonstrate that act of deception proximately resulted in injury to plaintiff).

Plaintiff has relied exclusively on N.C. Gen. Stat. § 44A-24 as the basis for its unfair and deceptive practices claim. Since that statute is inapplicable and the remaining undisputed facts show nothing more than a mere breach of contract by defendant, we hold that plaintiff has failed to show that it is

entitled to judgment as a matter of law on its claim for unfair or deceptive practices.

Defendants next contend that the trial court erred in awarding plaintiff attorneys' fees. "[T]he general rule in North Carolina is that a party may not recover its attorney's fees unless authorized by statute." *Martin Architectural Prods., Inc. v. Meridian Constr. Co.*, 155 N.C. App. 176, 181, 574 S.E.2d 189, 192 (2002). Here, the trial court did not indicate under which statute it was authorized to award attorneys' fees.

Plaintiff's complaint sought attorneys' fees in connection with its breach of contract claim, citing N.C. Gen. Stat. § 6-21.2 (2013); its "Worthless Check" claim, citing N.C. Gen. Stat. § 6-21.3 (2013); and its claim for unfair or deceptive trade practices. Because we have already concluded that the trial court erred in entering summary judgment in favor of plaintiff on its unfair and deceptive trade practices claim, the statute authorizing fees for such claims, N.C. Gen. Stat. § 75-16.1 (2013), cannot justify the trial court's fee award.

With respect to N.C. Gen. Stat. § 6-21.2, that statute relates to "[o]bligations to pay attorneys' fees upon any note, conditional sale contract or other evidence of indebtedness." As this Court has explained, N.C. Gen. Stat. § 6-21.2 "allows an

award of attorneys' fees in actions to enforce obligations owed under an evidence of indebtedness *that itself provides for the payment of attorneys' fees*." *Trull v. Cent. Carolina Bank & Trust*, 124 N.C. App. 486, 490, 478 S.E.2d 39, 42 (1996) (emphasis added) (internal quotation marks omitted), *aff'd in part, review dismissed in part*, 347 N.C. 262, 490 S.E.2d 238 (1997). It is possible that the parties' contract may fall within the definition of "other evidence of indebtedness." *See U.S. ex rel. SCCB, Inc. v. P. Browne & Assocs.*, 751 F. Supp. 2d 813, 817 (M.D.N.C. 2010) (holding construction subcontract containing provision for attorneys' fees is "'evidence of indebtedness'" under North Carolina law and thus authorized attorneys' fees under N.C. Gen. Stat. § 6-21.2).

Nevertheless, the record does not include the parties' contract, and plaintiff's complaint does not specifically allege that the contract included a provision for payment of attorneys' fees. Consequently, even though defendants do not challenge the entry of summary judgment as to plaintiff's breach of contract claim, N.C. Gen. Stat. § 6-21.2 cannot be a basis for awarding fees on summary judgment in the absence of evidence that the parties' contract provided for attorneys' fees.

With respect to the worthless check claim, N.C. Gen. Stat. § 6-21.3 allows for attorneys' fees of up to $500.00 when a

party knowingly issues a worthless check. However, the record, in this case, contains no evidence that plaintiff sent the notification letters required under N.C. Gen. Stat. § 6-21.3(a1) and (a2), which are a prerequisite to recovery under that statute. N.C. Gen. Stat. § 6-21.3, therefore, cannot support the attorneys' fee award.

Plaintiff argues, nonetheless, that attorneys' fees were proper because defendants failed to deny or otherwise respond to the following request for admission:

> 15. Attorney's fees of at least 15% of the principal amount of this claim plus interest at the time this lawsuit was filed are fair, reasonable and should be added to Plaintiff's claim.

We disagree that defendants' admission of this assertion supports an award of attorneys' fees. To the extent that this request involves a statement of fact or the application of law to fact, it establishes only what constitutes a reasonable amount of attorneys' fees. The admission precluded defendant only from challenging an award of "15% of the principal amount of [the] claim plus interest" as unreasonable in the event the trial court properly awarded attorneys' fees.

However, because a trial court may not award attorneys' fees unless authorized by statute, defendants' failure to respond to the request for admissions could not result in an

admission that plaintiff was entitled, as a matter of law, to an award of attorneys' fees. *See Eury v. N.C. Emp't Sec. Comm'n*, 115 N.C. App. 590, 599, 446 S.E.2d 383, 389 (1994) (observing that "'the effect or operation of a stipulation will not be extended by the courts beyond the limits set by the parties or by the law.'" (quoting *Outer Banks Contractors, Inc. v. Forbes*, 302 N.C. 599, 604-05, 276 S.E.2d 375, 379-80 (1981))).

Consequently, despite defendants' admissions, the record does not establish that plaintiff is entitled to judgment as a matter of law on its request for attorneys' fees. We, therefore, reverse the trial court's order to the extent that it awards plaintiff attorneys' fees.

Finally, Mr. Leger argues that the trial court erred in granting summary judgment with respect to plaintiff's claim that Leger Corp. was Mr. Leger's alter ego and that plaintiff was, therefore, entitled to pierce the corporate veil. Because of Mr. Leger's failure to respond to the request for admissions, it was conclusively established, as alleged in the complaint, that "Leger Corp. is the 'alter ego' of Todd Leger, having failed to file corporate reports with the NC Secretary of State and follow corporate formalities . . . ."

On appeal, defendants argue only that Mr. Leger's affidavit rebutting this admission created a disputed issue of fact that

precluded summary judgment. The trial court, however, refused to consider Mr. Leger's affidavit, finding that it was untimely. Rule 56(c) of the Rules of Civil Procedure provides that if an

> opposing affidavit is not served on the other parties at least two days before the hearing on the motion, the court may continue the matter for a reasonable period to allow the responding party to prepare a response, *proceed with the matter without considering the untimely served affidavit*, or take such other action as the ends of justice require.

(Emphasis added.)

Here, defendants did not serve plaintiff with the affidavit until the day before the hearing, in violation of Rule 56(c). The trial court found that defendants provided no good reason for their failure to timely file the affidavit, and defendants offer no explanation on appeal for the untimeliness of the affidavit. Defendants cannot, therefore, show that the trial court's exclusion of the affidavit was an abuse of discretion. *See HSI N.C., LLC v. Diversified Fire Prot. of Wilmington, Inc.*, 169 N.C. App. 767, 774, 611 S.E.2d 224, 228 (2005) (upholding trial court's refusal to consider affidavit that violated two-day requirement of Rule 56(c) where there was no showing of abuse of discretion). In the absence of any other argument challenging the trial court's piercing of the corporate veil, we affirm the trial court's entry of summary judgment as to

plaintiff's claim that Mr. Leger should be held jointly and severally liable with Leger Corp.

## Conclusion

Because defendants do not challenge the trial court's entry of summary judgment in the amount of $11,000.00 against both defendants and the award of pre-judgment and post-judgment interest on that amount, we affirm those portions of the summary judgment order. We reverse the trial court's summary judgment order to the extent that it grants judgment to plaintiff on plaintiff's unfair and deceptive trade practices claim and awards plaintiff attorneys' fees.

Affirmed in part; reversed and remanded in part.

Judges BRYANT and CALABRIA concur.

Report per Rule 30(e).