### HENRY T. GRAEBER v. WILLIAM A. and ANNIE SIDES.

(Filed 23 December, 1909.)

1. **Deeds and Conveyances—Husband and Wife—Existing Debts— Fraudulent Conveyances—Principal and Agent.**

   A deed made by defendant to his wife without a valuable consideration and for the purpose of avoiding the obligations incurred to the Government under the distiller's bond, which plaintiff has signed as surety prior to the execution of the deed, the property conveyed being practically the entire estate of the defendant, the principal of the bond, is fraudulent and void as against the surety having been compelled to pay the bond.

2. **Same—Procedure.**

   One who has signed as surety on a distiller's bond and who has been compelled to pay to the Government his principal's default thereon, may now proceed in an action to set aside his principal's deed subsequently made to the wife for the purpose of avoiding

his obligations thereunder. The former method to test the validity of the deed was to sell the property under execution and then sue for its recovery.

### 3. Principal and Surety—Payment by Surety—Implied Covenant—Cause of Action.

One who has executed a distiller's bond to the Government as surety, incurs an outstanding existing obligation which he has thereby assumed for his principal, with an implied covenant on the part of the principal that he will indemnify him, as surety, against loss; and no cause of action accrues to the surety upon the implied covenant of indemnity until he has paid the bond according to its terms.

### 4. Same—Deeds and Conveyances—Fraud—Limitations of Actions.

The statute of limitations does not begin to run against one who has executed a distiller's bond to the Government as surety, and was subsequently forced to pay by judgment the Government for his principal's default thereon, until the date of such payment, in his action to set aside his principal's deed made to his wife since he executed the bond for the fraudulent purpose of avoiding paying the bond.

### 5. Same—Registration—Notice.

The registration of a deed made by the principal on a distiller's bond, to his wife, for the purpose of escaping liability on the bond, and void as to his surety who was forced to pay for his default thereunder, is not notice to the surety that it was made to defraud him, when he did not then know of his principal's default, or that he would be called upon to pay anything as surety.

APPEAL from *E. B. Jones, J.,* February Term, 1909, of ROWAN.

Civil action, to subject certain land conveyed by the defendant, William A. Sides, to his wife, Annie, to the payment of $269.09 paid out by plaintiff, as surety for William A. Sides, on a bond in the penal sum of $500 executed to the United States, 16 July, 1897.

These issues were submitted without objection:

1. "Is defendant, W. A. Sides, indebted to plaintiff? If so, in what amount?" Answer: "$269.09, with interest since 22 August, 1906."

2. "Was the deed from W. A. Sides to his wife, as set out in the complaint, executed with intent to hinder, delay, defraud and defeat the plaintiff's rights?" Answer: "Yes."

3. "Was the defendant, W. A. Sides, after the execution of the deed to Annie Sides, his wife, thereby rendered insolvent?" Answer: "Yes."

4. At the time of the execution of the deed by W. A. Sides to Annie Sides, his wife, did he reserve property sufficient and available to pay his debts?" Answer: "No."

5. "Did the *feme* defendant, Annie Sides, have knowledge of or participate in any fraudulent intent on the part of her husband in the execution of said deed?"    Answer: "Yes."

6. "Is plaintiff's cause of action barred by the statute of limitations?"    Answer: "No."

The court rendered a judgment against W. A. Sides for $308.82, with interest on $269.09 from 8 February, 1909, and decreed that the deed to the wife, Annie A. Sides, dated 1 August, 1903, be set aside and declared void as to plaintiff's demand. From this judgment the defendants appealed.

*Kerr Craige* and *Burton Craige* for plaintiff.
*Clement & Clement* and *Adams, Jerome & Armfield* for defendants.

BROWN, J.   There are two assignments of error: 1. That the court errer in refusing to dismiss the action or to nonsuit the plaintiff as to the defendant Annie A. Sides at the close of the plaintiff's evidence.   2. That the court erred in submitting the case to the jury, and in not holding as a matter of law that the plaintiff's cause of action was barred by the statute of limitations as to Annie A. Sides, it appearing from the evidence of the plaintiff that the deed from the defendant William A. Sides to his wife, Annie A. Sides, was registered more than three years prior to this action and prior to the payment of the judgment by the plaintiff.

As the first assignment of error is not discussed in appellants' brief, we will not notice it, except as it is connected with the second assignment of error, relating to the statute of limitations.

The undisputed facts are: That on 16 July, 1897, the plaintiff and one Schenck became sureties to the United States for defendant William A. Sides upon a distiller's bond in the penal sum of $500, said defendant being then engaged in operating registered distillery No. 216, in Rowan County.   The defendant Sides made default to the Government under this bond, and in an action instituted by the Government against William A. Sides as principal and Henry T. Graeber and John W. Schenck as sureties on the bond the Government recovered judgment against the defendants, in April, 1905, for the penalty of the bond, to be discharged upon payment of $107.14 and interest, penalties and costs, aggregating $269.09.   This sum was paid by plaintiff 22 August, 1906. This action was instituted 10 January, 1907, to set aside the deed of 1 August, 1903, made by the defendant W. A. Sides to his wife, Annie, to the end that the land be subjected, under execution, to the payment of the above obligation.

The proof is plenary that the deed was made to the wife without any valuable consideration and for the express purpose of avoiding the obligations incurred to the Government under the distiller's bond which plaintiff had signed as surety in 1897, and that the property conveyed was practically the entire estate of the grantor.

It requires no citation of authority to show that such a conveyance is fraudulent and void as against existing obligations, whether the grantee had knowledge of or participated in the fraud or not. The method formerly employed to test the validity of such a deed was to sell the property under execution and then sue for its recovery, but there is now authority for this method of procedure. *Benton v. Collins,* 118 N. C., 196.

The bond of 16 July, 1897, which plaintiff had executed for the defendant William A. Sides, was an outstanding existing obligation, assumed by plaintiff for the said defendant before the deed to his wife was executed. *Catlin v. Catlin,* Bush (Ky.), 141; *Simpson v. Simpson,* 80 N. C., 332. Arising out of that relation of principal and surety there is an implied covenant, entered into in 1897, that the principal will indemnify his surety as against loss. While this is so, no cause of action had accrued to plaintiff until he paid the judgment rendered against him in 1906; consequently he could not bring action, either against William A. Sides or his grantee.

Ordinarily the statute of limitations begins to run, in favor of the principal and against the surety who pays the debt, from the time of such payment, and not from the time when the debt becomes due, because, until the surety has been compelled to make such payment, there is no breach of the implied promise of the principal to indemnify him. 1 Brandt Surety, sec. 252, and cases cited; *Odlin v. Greenleaf,* 3 N. H., 270.

It is true the deed of the husband to the wife was recorded more than three years before plaintiff paid the judgment recovered upon the bond of 1897, but he had no cause of action until the husband had broken the implied covenant of indemnity arising upon the aforesaid bond. In fact, the entire evidence shows that plaintiff had no knowledge of any demand under the bond for nearly two years after the deed was recorded. While recording it would give notice to plaintiff that such an instrument had been made, he could not infer that it was executed to defraud him, since he did not know of any default on the bond, or that he would be called upon to pay anything on it as surety for the principal.

We find no error in the ruling of the trial judge.

No error.