NORTH CAROLINA NATIONAL BANK v. JOHNSON FURNITURE COMPANY OF MOUNT AIRY, INCORPORATED; MOUNT PILOT DEVELOPMENT CORPORATION; E. L. JOHNSON; DONNA LEE JOHNSON; HARRY LEE JOHNSON; SHIRLEY ANNE MEDLEY JOHNSON; LEONARD L. JOHNSON; FRIEDERIKE P. JOHNSON; MARTHA JO JONES; AND ANN BETH (HUNTER) GRIGGS

No. 7617SC1008

(Filed 21 September 1977)

**Fraudulent Conveyances § 3.4— conveyances to defraud creditors—summary judgment proper**

In an action to have conveyances by defendants set aside as conveyances to defraud creditors, the trial court properly granted plaintiff's motion for summary judgment and ordered that the conveyances in question be set aside and rendered void, since a contract signed by one defendant, though captioned "GUARANTY," clearly established her as a primary debtor of plaintiff on the date of the conveyances, and since plaintiff, pursuant to G.S. 39-17, showed by uncontroverted evidence that the defendant failed to retain property sufficient to pay her debts existing at the time of the conveyances.

APPEAL by defendant from *Walker, Judge.* Judgment entered 26 July 1976 in Superior Court, SURRY County. Heard in the Court of Appeals 1 September 1977.

Bank v. Furniture Co.

This appeal arises from the granting of summary judgment in the third cause of action in a case involving four causes of action. Each cause of action involves at least one allegedly fraudulent conveyance by one or more of the defendants. For purposes of this opinion, only the facts surrounding the third cause of action need be presented.

On 23 August 1974, defendants Harry Lee Johnson, Donna Lee Johnson and Leonard L. Johnson signed a "GUARANTY" agreement with the plaintiff. By its terms, the agreement was an inducement for the plaintiff to extend credit to Johnson Furniture Company, another defendant. Pertinent provisions of the agreement are as follows:

"[T]he undersigned hereby absolutely and unconditionally guarantees to you and your successors and assigns the due and punctual payment of any and all notes, drafts, debts, obligations and liabilities, primary or secondary (whether by way of endorsement or otherwise), of Borrower, at any time, now or hereafter, incurred with or held by you, together with interest, as and when the same become due and payable, whether by acceleration or otherwise, in accordance with the terms of any such notes, drafts, debts, obligations, or liabilities or agreements evidencing any such indebtedness, obligation or liability including all renewals, extensions and modifications thereof."

On 26 August 1974, defendant Donna Lee Johnson conveyed a tract of land, which she had held on the date of her agreement with the bank, to herself and her husband, defendant E. L. Johnson, as tenants by the entirety. The next day, 27 August 1974, defendants Johnson conveyed the same tract of land to their daughters, defendants Martha Jo Jones and Ann Beth (Hunter) Griggs, reserving a life estate for themselves.

On 22 April 1975, judgment, rendered in favor of plaintiff and against defendants for an amount in excess of $56,000, was entered and docketed in the office of the Clerk of Superior Court in Surry County. Plaintiff brought this action to have the conveyances by defendants Donna Lee Johnson and E. L. Johnson set aside as conveyances to defraud creditors. On 25 May 1976, plaintiff moved for summary judgment pursuant to G.S. 1A-1, Rule 56; in its motion, plaintiff cited the answer to an interrogatory which established that, on 27 August 1974, after her conveyance to her daughters, defendant Donna Lee Johnson owned property worth only $300.

Plaintiff argues that the facts presented established that the conveyances of real property were voluntary and that defendant Donna Lee Johnson had not retained property sufficient to pay her debts.

The trial court granted plaintiff's motion for summary judgment and ordered that the two conveyances involved in this third cause of action be set aside and rendered void. Defendants appeal.

*Folger and Folger, by Fred Folger, Jr. and Larry Bowman, for plaintiff appellee.*

*Kenneth A. Smith for defendant appellants Donna Lee Johnson and E. L. Johnson.*

*Charles M. Neaves for defendant appellants Martha Jo Jones and Ann Beth (Hunter) Griggs.*

ARNOLD, Judge.

Defendants argue that the trial court erred in granting plaintiff's motion for summary judgment. In support of their argument, defendants make two contentions, one of which is that defendant Donna Lee Johnson was not, on the date of the conveyances, a debtor of plaintiff. This contention is based on the assumption that defendant Donna Lee Johnson, when she signed the agreement with the plaintiff, became a guarantor of payment so that her liability for the debt would begin only at maturity when the primary debtors did not pay. Defendants' assumption is not correct. Donna Lee Johnson was not a guarantor of payment by Johnson Furniture Co. since by the terms of the agreement defendant Donna Lee Johnson was primarily liable to the plaintiff:

> "This obligation and liability on the part of the undersigned shall be a primary and not a secondary obligation and liability, payable immediately upon demand without recourse first having been had by you against the Borrower or any person, firm or corporation; and the undersigned hereby waives the benefits of all provisions of law for stay or delay of execution or sale of property or other satisfaction of judgment against the undersigned on account of obligation and liability hereunder until judgment be obtained therefor against the Borrower and execution thereon returned unsatisfied, or until it is shown that the Borrower has no property available for the satisfaction of the indebtedness, obligation and liability guaranteed hereby, or until any other proceedings can be had."

Although the agreement is captioned "GUARANTY," the clear language of the contract establishes Donna Lee Johnson as a primary debtor of the plaintiff on 23 August 1974.

The second contention of defendants is that plaintiff failed to establish an intent by defendant Donna Lee Johnson to defraud her creditors.

G. S. § 39-17 reads as follows:

"No voluntary gift or settlement of property by one indebted shall be deemed or taken to be void in law, as to creditors of the donor or settler prior to such gift or settlement, by reason merely of such indebtedness, if property, at the time of making such gift or settlement, fully sufficient and available for the satisfaction of his then creditors, be retained by such donor or settler; but the indebtedness of the donor or settler at such time shall be held and taken, as well with respect to creditors prior as creditors subsequent to such gift or settlement, to be evidence only from which an intent to delay, hinder or defraud creditors may be inferred; and in any trial shall, as such, be submitted by the court to the jury, with such observations as may be right and proper."

Under interpretations of G.S. § 39-17 by the North Carolina Supreme Court, actual intent of the donor, here the defendant Donna Lee Johnson, to defraud her creditors need not be shown. In *Garland v. Arrowood*, 177 N.C. 371, 374, 99 S.E. 100, 102 (1919), the Court stated:

"[I]f the defendant, the donor of the gift, failed to retain property fully sufficient and available for the satisfaction of his then creditors, the gift was void in law, without regard to the intent with which it was made."

The ultimate burden of proof rests upon the plaintiff to show either actual intent by the defendant grantors to defraud their creditors or failure by them to retain property sufficient to pay the then existing debts. *Supply Corp. v. Scott*, 267 N.C. 145, 148 S.E. 2d 1 (1966).

Review of the record shows that plaintiff met this burden of proof by uncontroverted evidence that immediately after the conveyances in question, defendant Donna Lee Johnson owed plaintiff $56,000, and that she had property worth only $300. There being no material facts at issue the trial court properly granted plaintiff's motion for summary judgment.

Affirmed.

Chief Judge BROCK and Judge MARTIN concur.