TRIANGLE BANK, PLAINTIFF V. MARGARET P. EATMON, BEXLEY J. EATMON, LETTIE A. EATMON, BRENDA E. DORSETT, LARRY C. DORSETT, R.W. HARRISON, JR., TRUSTEE, THOMAS J. RHODES, TRUSTEE, AND WILLIAM L. PRICE, JR., DEFENDANTS

No. COA00-489

(Filed 15 May 2001)

## 1. Fraud— fraudulent conveyances of property—guarantor of loan

The trial court did not err by granting summary judgment to plaintiff bank as to defendant guarantor's fraudulent transfers under deeds one and three of the interests in land in tracts one, two, four, and five, because: (1) the guarantor's conveyance of deed one under N.C.G.S. § 39-15 (conveyance before 1 October 1997) to a family member was voluntary, without consideration, and the guarantor did not retain property fully sufficient and available to pay her existing debts; (2) the guarantor's conveyance of deed three under N.C.G.S. § 39-23 (conveyance after 1 October 1997) was to a family member, the guarantor retained control and income of the property after the transfer, the transfers were made after a suit had been threatened or initiated, almost all of guarantor's assets were transferred, and the guarantor received less than reasonably equivalent value for deeded property; and (3) the language in the subject guaranty agreement made defendant guarantor primarily liable for the debt.

## 2. Appeal and Error— appealability—interlocutory order—denial of summary judgment

Although defendants contend the trial court erred by denying defendants' motion for summary judgment with respect to the conveyance of deed number three, this assignment of error is dismissed because: (1) the denial of a motion for summary judgment is interlocutory and not immediately appealable unless it affects a substantial right; and (2) defendants have not asserted a substantial right, nor did the Court of Appeals find one.

**TRIANGLE BANK v. EATMON**

[143 N.C. App. 521 (2001)]

Appeal by defendants from judgment entered 18 January 2000 by Judge Quentin T. Sumner in Superior Court, Nash County. Heard in the Court of Appeals 14 March 2001.

*Fields & Cooper, P.L.L.C., by John S. Williford, Jr., for plaintiff-appellee Triangle Bank.*

*Warren, Perry & Anthony, P.L.L.C., by Michael Perry and Fred B. Amos, II, for defendant-appellants, Bexley J. and Lettie A. Eatmon and Brenda E. and Larry C. Dorsett.*

*Gay, Stroud & Jackson, L.L.P., by Andy W. Gay, for defendant-appellant, Margaret P. Eatmon.*

*Narron & Holdford, P.A., by I. Joe Ivey, for defendants William L. Price, Jr., R.W. Harrison, Jr. and Thomas J. Rhodes.*

WYNN, Judge.

This is another appeal regarding the ill-fated loans that Triangle Bank (successor to Unity Bank and Trust Company) made to Bennie J. Eatmon which were guaranteed by his mother, Margaret P. Eatmon. In the previous appeal, we upheld the trial court's grant of summary judgment against Mrs. Eatmon. The facts supporting the grant of summary judgment against her showed that two loans were made to Bennie J. Eatmon for substantial amounts in 1995. In addition to a security interest in farm equipment, the loans were guaranteed by Mrs. Eatmon. When the loans were not paid in January 1998, Triangle Bank brought an action against the Eatmons to recover payments. Ultimately, the trial court granted summary judgment against Mrs. Eatmon for the uncollected loan payments and we upheld that judgment.

The present appeal stems from another action brought by Triangle Bank to set aside as fraudulent conveyances, three deeds executed by Mrs. Eatmon conveying all of her real property to her children and their spouses:

1. Deed from Margaret P. Eatmon, GRANTOR, to Bexley J. Eatmon, GRANTEE, dated 28 October 1996, recorded 20 February 1997 conveying five tracts—60 acres, 59.8 acres, 30 acres, 1 acre, and 29.5 acres less two parcels, reserving a life estate for Margaret P. Eatmon.

2. Deed from Margaret P. Eatmon, Bexley J. Eatmon and wife, Lettie A. Eatmon, GRANTORS, to Bexley J. Eatmon and wife,

Lettie A. Eatmon—a one-half undivided interest as tenants-in-common, and Brenda Dorsett and husband Larry C. Dorsett—a one-half undivided interest as tenants-in-common, GRANTEES, dated 30 January 1998 and recorded 2 February 1998 conveying a 30-acre tract.

3. Deed from Margaret P. Eatmon, GRANTOR, to Bexley J. Eatmon, GRANTEE, dated 3 February 1998, recorded 19 February 1998 conveying six tracts—60 acres, 59.8 acres, 30 acres, 1 acre, and 29.5 acres less two parcels, and 40,000 square feet.

Following a hearing, the trial court granted summary judgment in favor of Triangle Bank on its claim that the transfers under deeds one and three constituted fraudulent conveyances. However, the trial court denied motions of both parties for summary judgment as to the conveyances under deed two. The defendants appealed to this Court.

[1] On appeal, the defendants contend that the trial court erred granting summary judgment to Triangle Bank as to the transfers under deeds one and three of the interests in tracts one, two, four and five.[1] They argue that Mrs. Eatmon was not indebted to Triangle Bank at the time of the conveyances and that there was no evidence in the record that the conveyances were fraudulent. We disagree.

Rule 56 of the North Carolina Rules of Civil Procedure permits summary judgment upon the showing that there is no genuine issue as to any material fact, and that one party is entitled to judgment as a matter of law. *See* N.C. Gen. Stat. § 1A-1, Rule 56 (1999); *Johnson v. Phoenix Mut. Life Ins. Co.*, 300 N.C. 247, 266 S.E.2d 610 (1980). Summary judgment is proper when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (1999). To prevail against a summary judgment motion, the opposing party "must set forth specific facts showing that there is a genuine issue [of material fact] for trial." *Nasco Equip. Co. v. Mason*, 291 N.C. 145, 149, 229 S.E.2d 278, 281 (1976) (quoting Rule 56(e)).

---

1. Tract number three consisting of 30 acres was conveyed in fee by deed number two, and therefore was not the subject of the summary judgment against the defendants regarding deeds one and three.

TRIANGLE BANK v. EATMON

[143 N.C. App. 521 (2001)]

In this case, N.C. Gen. Stat. § 39-15 (1984) governed the transfer under deed one of the remainder interests of tracts one, two, four and five recorded on 20 February 1997.[2] That statute provided in part that "feigned, covinous and fraudulent . . . conveyances . . . shall be deemed . . . utterly void and of no effect."

In *Aman v. Walker*, 165 N.C. 224, 81 S.E. 162 (1914), our Supreme Court set forth five scenarios for the finding of a fraudulent conveyance. The second principle for establishing a fraudulent conveyance applies to this case:

> (2) If the conveyance is *voluntary* and the grantor does not retain property fully sufficient and available to pay his debts then existing, it is invalid as to creditors, but it cannot be impeached by subsequent creditors without proof of the existence of a debt at the time of its execution, which is unpaid, and when this is established and the conveyance avoided, subsequent creditors are let in and the property is subjected to the payment of creditors generally.

*Id.* at 226, 81 S.E. 162, 164 (emphasis added).

Applying this *Aman* principle to the facts of this case, we first observe that the conveyance under deed one was voluntary. A conveyance is voluntary "when it is not for value, i.e., when the purchaser does not pay a reasonably fair price such as would indicate unfair dealing and be suggestive of fraud." *Nytco Leasing, Inc. v. Southeastern Motels, Inc.*, 40 N.C. App. 120, 128, 252 S.E.2d 826, 832 (1979); *see also Michael v. Moore*, 157 N.C. 462, 465, 73 S.E. 104, 105 (1911) (In order to divest her of title to the properties fraudulently conveyed to her it need not be shown that she either participated in or even had knowledge of the fraud; for "[i]t is a principle of the common law, as old as the law itself . . . that [a debtor] shall be just to his creditors before he is generous to his family.").

Here, the record shows that the disputed conveyances under deed one were "voluntary", i.e., without adequate consideration. Indeed, Mrs. Eatmon's sworn testimony establishes the conveyance was without consideration. Her testimony was corroborated by her son's sworn statement that he gave no consideration for the property.

---

2. N.C. Gen. Stat. § 39, Article 3A, entitled Uniform Fraudulent Transfer Act governs fraudulent conveyances in North Carolina occurring on or after 1 October 1997.

Second, the record in this case shows that Mrs. Eatmon did not retain property fully sufficient and available to pay her existing debts. Fraudulent intent may be established by circumstances, and a close family relationship coupled with less than reasonable consideration and outstanding debts that the debtor is unable to pay is strong evidence of fraud. N.C. Gen. Stat. § 8C-1, Rule 833 (1999); *Nytco Leasing, Inc. v. Southeastern Motels, Inc.*, 40 N.C. App. at 130, 252 S.E.2d at 833; *see also Kirkhart v. Saieed*, 107 N.C. App. 293, 294, 419 S.E.2d 580 (1992) (holding that a creditor is entitled to protection from fraudulent transfers even though a debtor transfers the assets prior to the creditor obtaining judgment against the debtor).

Here, the record shows that at the time of the conveyances under deed one, Mrs. Eatmon did not retain properties sufficient to cover the existing debt to Triangle Bank. Moreover, at the time that Bennie J. Eatmon applied to the bank for the loans, Mrs. Eatmon's financial statement disclosed a net worth of $413,328, which consisted primarily of unencumbered real estate. As in *Nytco*, her fraudulent intent in conveying that unencumbered real estate is established by the circumstances which include a transfer of property to her son without consideration in the face of outstanding debts that she was unable to pay. Thus, the trial court properly found that the conveyances under deed one were fraudulent under N.C. Gen. Stat. § 39-15.

As to the conveyances under deed three, N.C. Gen. Stat. § 39-23 (1999), the Uniform Fraudulent Transfer Act governs since the conveyance occurred after 1 October 1997. N.C. Gen. Stat. § 39-23.4(a)(1) establishes as fraudulent, a transfer with intent to hinder, delay, or defraud a creditor. N.C. Gen. Stat. § 39-23.4(b) sets out thirteen factors to be considered, among others in determining whether the transferor possessed actual fraudulent intent. These factors include: A transfer to an insider; a transferor retaining possession or control of the property after transfer; a suit being filed or threatened against the transferor prior to transfer; a transfer being substantially all of the transferor's assets; and receipt of less than the reasonably equivalent value for the deeded property. N.C. Gen. Stat. § 39-23.4(b). The payment of consideration is only one of the several factors to be considered by the court determining intent. N.C. Gen. Stat. § 39-23.4(b)(8).

The record indicates evidence of the following statutory factors in Mrs. Eatmon's transactions: Transferring the property to insiders; retaining control and income of the property after the transfer; making the transfers after a suit had been threatened or initiated; trans-

ferring almost all of the transferor's assets; and receiving less than reasonably equivalent value for deeded property.

Applying the N.C. Gen. Stat. § 39-23.4(b) factors to this case, we find that Mrs. Eatmon transferred the property to an insider, her son, Bexley J. Eatmon. *See* N.C. Gen. Stat. § 39-23.1 (7) and (11) (setting forth that insiders include relatives within the third degree). The record also shows that Mrs. Eatmon retained possession and control over the property. While the deed on its face conveyed the remainder interest to her son, Bexley J. Eatmon, the record shows that Mrs. Eatmon and Bexley J. Eatmon agreed that upon Mrs. Eatmon's death, he would deed certain portions of the property to his sister, Brenda E. Dorsett and brother, Bennie J. Eatmon and retain a certain portion for himself. He further agreed to divide the property as specified by Mrs. Eatmon's will.

Moreover, the record shows that Mrs. Eatmon made these transfers after suit had been threatened and filed. On 4 December 1996, an attorney writing on behalf of the bank demanded payment from Mrs. Eatmon. Subsequently, she was personally served with a complaint. Mrs. Eatmon testified that she gave away all of her assets with her net worth being reduced to "nothing." The record also indicates that the grantee, Bexley J. Eatmon, did not pay any consideration for the transfer. Thus, the trial court properly found that the conveyances under deed three were fraudulent under the Uniform Fraudulent Transfer Act.

Nonetheless, the defendants argue that Triangle Bank was not a creditor of Mrs. Eatmon for fraudulent conveyance law purposes because at the time Mrs. Eatmon transferred the land, she was only a guarantor and not a maker of the promissory notes. However, this Court rejected a similar argument in *North Carolina National Bank v. Johnson Furniture Company of Mount Airy, Inc.*, 34 N.C. App. 134, 237 S.E.2d 313 (1977). In that case, the guarantor conveyed her property to herself and her husband to create a tenancy by the entirety. On appeal, the guarantor argued since she was a guarantor and not a debtor, the bank could not establish any fraudulent intent to defraud creditors. *Id.* at 134, 237 S.E.2d 314. We rejected that argument by examining the language of the guaranty agreement and holding that the guaranty language made the guarantor primarily liable for the debt. *See North Carolina National Bank*.

Likewise, the guaranties signed by Mrs. Eatmon stated that her liability was "direct and immediate and not conditional or contingent

CHURCH v. ALLSTATE INS. CO.

[143 N.C. App. 527 (2001)]

upon either the pursuit of any remedies against the Debtor or any other person or foreclosure of any security interests or liens available to the Bank." *See Jennings Communication* Corp. *v. PCG Golden Strand, Inc.*, 126 N.C. App. 637, 641, 486 S.E.2d 229, 231 (1997) ("The nature and extent of the liability of a guarantor depends on the terms of the contract as construed by the general rules of construction."). *Id.* As in *Johnson*, we hold that the language in the subject guaranty agreement made Mrs. Eatmon primarily liable for the debt. *See also Graebur v. Sides*, 151 N.C. 596, 66 S.E. 600 (1909).

We uphold the trial court's grant of summary judgment in favor of Triangle Bank on this issue.

[2] In their final argument, the defendants contend that the trial court committed reversible error by not granting their motion for summary judgment in respect to the conveyance of deed number three. However, the denial of a motion for summary judgment is interlocutory, and not immediately appealable unless it affects a substantial right. N.C. Gen. Stat. §§ 1-277(a) (1999) and 7A-27(d)(1) (1999); *N.C. Coastal Motor Line, Inc. v. Everette Truck Line, Inc.*, 77 N.C. App. 149, 153, 334 S.E.2d 499, 502 (1985), *rev. denied*, 315 N.C. 391, 338 S.E.2d 880 (1986). The defendants have not asserted such an affected substantial right and we have found none. Accordingly, this assignment of error is dismissed.

Affirmed in part, dismissed in part.

Judges McGEE and THOMAS concur.